AO 241
(Rev. 10/07)

**18-3602**

Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY **SECT. E MAG. 4**

| United States District Court | District: EASTERN DISTRICT |
|---|---|

| Name (under which you were convicted): ANDREW WEARY | Docket or Case No.: 00·CR5·79808 4 |
|---|---|

| Place of Confinement: LOUISIANA STATE PENITENTIARY | Prisoner No.: 100956 |
|---|---|

| Petitioner (include the name under which you were convicted) ANDREW WEARY | Respondent (authorized person having custody of petitioner) v. DARREL VANNOY |
|---|---|

The Attorney General of the State of   LOUISIANA

**PETITION**

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
TWENTY-SECOND Judicial DISTRICT COURT
FRANKLINTON, LA. 70438; WASHINGTON PARISH

(b) Criminal docket or case number (if you know):   00· CR5· 79803

2.    (a) Date of the judgment of conviction (if you know): DECEMBER 06, 2000

(b) Date of sentencing:  5·09·01;  7·23·02;  5·23·12;  9·13·13

3.    Length of sentence:  75 YEARS;  25 YEARS;

4.    In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
L.R.S. 14.64   L.R.S. 14.27 & 14.30
ATTEMPT FIRST DEGREE MURDER; ARMED ROBBERY

6.    (a) What was your plea? (Check one)

TENDERED FOR FILING   ☑ (1)    Not guilty    ☐ (3)    Nolo contendere (no contest)

☐ (2)    Guilty    ☐ (4)    Insanity plea

APR – 4 2018

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

AO 241
(Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.  Did you testify at a pretrial hearing, (trial) or a post-trial hearing?

☑ Yes   ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: COURT OF APPEAL, FIRST CIRCUIT, LOUISIANA

(b) Docket or case number (if you know): (2016 K.W. 0981 (P.C.R) 2013 K.A. 1197 (D.A.)

(c) Result: DENIED; REMANDED FOR RESENTENCING, FIRST DEGREE ATTEMPT MURDER

(d) Date of result (if you know): 9.13.13

(e) Citation to the case (if you know): 00-CR5-79804

(f) Grounds raised: CONSTRUCTIVE DENIAL \ ACTUAL DENIAL of COUNSEL

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF LOUISIANA

(2) Docket or case number (if you know): 16-KH-1907 (P.C.R) 2014-KA-1706 (D.A.)

(3) Result: DENIED

(4) Date of result (if you know): FEBRUARY 09, 2018

      (5) Citation to the case (if you know):

      (6) Grounds raised:

    (h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☑ No

      If yes, answer the following:

      (1) Docket or case number (if you know): NO CASE No. GIVEN

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

      concerning this judgment of conviction in any state court?    ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)   (1) Name of court: LA. COURTS, 1ST CIR. C.A.   SUPREME CT.  22 J.D.C.

       (2) Docket or case number (if you know): LISTED IN PETITION

       (3) Date of filing (if you know):

       (4) Nature of the proceeding: DIRECT APPEAL AND P.C.R. Applications.

       (5) Grounds raised: CONSTRUCTIVE DENIAL of COUNSEL; INEFFECTIVE
       Assistance of Counsel on APPEAL; EXCESSIVE SENTENCE.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes   ☑ No

      (7) Result:

      (8) Date of result (if you know):

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐  Yes        ☑ No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ☑ Yes     ☐  No

(2) Second petition:   ☐  Yes     ☐  No

(3) Third petition:    ☐  Yes     ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** ACTUAL AND/OR CONSTRUCTIVE DENIAL OF COUNSEL
CONST, AMEND. 6

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I had no Counsel at SEPT. 13. 2013 RESENTENCING ORDERED by This Habeas Court. Please SEE TRANSCRIPTS attached

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):  YES, ATTACHED


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

THE STATE COURTS BARS FOR REPETITIVE CLAIMS, RAISED ON APPEAL

AO 241
(Rev. 10/07)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

GROUND TWO: *The sentence is excessive*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*On Resentencing Petitioner's Habitual offender status was reversed. However Petitioner was sentenced to the same habitual offender sentence of 75 years by a new Judge without stating reason for said sentence nor reviewing the case.*

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

~~(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?~~

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

REPETITIVE BAR

(c)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

GROUND THREE:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:     N/A

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐   Yes   ☒  No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?     ☐ Yes   ☒ No

    (4) Did you appeal from the denial of your motion or petition?     ☐ Yes   ☒ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):   N/A

    Date of the court's decision:   N/A

    Result (attach a copy of the court's opinion or order, if available):   N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   N/A

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:   N/A

(c)   .   Direct Appeal of Ground Four:   N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?.   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)   Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:   N/A

Type of motion or petition:   N/A

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:   NO

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☑ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

*EASTERN DISTRICT COURT FOR LOUISIANA; DOCKET NO. 10-1793; HABEAS CORPUS REVIEW. I.E. ASS. of Counsel, Const. denial of Counsel insuf. Evid. Double Jeopardy. Writ handed double Jeopard'y only. REHEARING ON RESENTENCE request handed. 8-19-13*

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 10/07)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

      (a) At preliminary hearing:   SEPT. 13. 2013   RESENTENCE

      (b) At arraignment and plea:   SEPT. 13, 2013   RESENTENCE

      (c) At trial:                  SEPT. 13, 2013   RESENTENCE

      (d) At sentencing:   NON APPOINTED OR REPRESENTED PETITIONER

      (e) On appeal:   MS. GWENDOLYN BROWN

      (f) In any post-conviction proceeding:   PRO. SE

      (g) On appeal from any ruling against you in a post-conviction proceeding:   PRO. SE

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?          ☐ Yes   ☑ No

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

      (b) Give the date the other sentence was imposed:   N/A

      (c) Give the length of the other sentence:   N/A

      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
      future?                ☐ Yes   ☑ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
      the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*See Attached Memorandum*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

(2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_Andrew Leary  100956  Pro Se_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on   _Email date_   (month, date, year).

Executed (signed) on   _4·2·18_   (date).

_Andrew Leary  100956  Pro Se_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

ANDREW WEARY 100956
(PETITIONER. PRO-SE)

DOCKET No.

VERSUS

DARREL VANNOY, WARDEN

LOUISIANA STATE PENITENTIARY
(RESPONDENT)

MEMORANDUM OF LAW IN SUPPORT

OF

PETITIONER FOR WRIT OF HABEAS
CORPUS FROM A NEW JUDGEMENT
OF DOCKET No. 10-1793

**RECEIVED**

APR 04 2018

Legal Programs Department

SCANNED at LSP and Emailed
4-4-18 by ____ . 124 pages
date        initials     No.

RESPECTFULLY SUBMITTED:

Andrew Weary
LA. STATE PRISON
GENERAL DELIVERY
ANGOLA, LA. 70712
PRO-SE.

September 05, 2000

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

1) ANDREW R. WEARY     DOB: 12/27/1958     SSN: 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
   223 CHURCH ST., BOGALUSA, LA. 70427

DATE OF OFFENSE:          April 05, 2000

COUNT 1
R.S. 14:64 ARMED ROBBERY, by the intentional taking of property having value from the person of another or which is in the immediate control of another, namely Luther Harris, by use of force or intimidation while armed with a dangerous weapon, to-wit: a blunt instrument or tire tool.

COUNT 2
R.S. 14:27:30 ATTEMPTED FIRST DEGREE MURDER, by Attempting To Kill Luther Harris in the First Degree.

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: _____

2.

*State of Louisiana*  *22nd Judicial District Court*
*Versus  # 00 CR5 79804*  *Parish of Washington*
*Andrew Weary*  *State of Louisiana*

## *COMMITMENT*

*To:  Duane Blair, Sheriff of the Parish of Washington,*
*To the keeper of the Louisiana State Penitentiary*

*Greetings:*

*Whereas, by a decree of the Honorable Twenty-Second Judicial*

*District Court of the State of Louisiana, in and for the Parish of Washington , Andrew*

*Weary has been adjudged guilty of Armed Robbery/Att 1st Degree Murder (Multiple*

*Offender) and sentenced by said Court to imprisonment at Hard Labor for the term*

*of Seventy –Five (75) years Hard Labor without benefit of parole. Defendant is given*

*credit for time served on these charges.*

*You are therefore hereby commanded to convey the said*

*Andrew Weary to the State Penitentiary at Angola, Louisiana and there deliver*

*Andrew Weary  with this warrant, to the keeper of said Penitentiary, who is hereby*

*authorized and commanded to receive and keep Andrew Weary in safe custody for*

*and during said term of  Seventy-Five (75) years hard Labor w/out benefit of parole.*

*Defendant is given credit for time served on these charges..*

*and this shall be your and his warrant for so doing.*

*Witness the Honorable Elaine Guillot*
*Judge of our said Court, my official*
*Signature and seal of office at*
*Franklinton, Louisiana this the*
*11 day of May, 2001.*

*Michelle Watson*
*Michelle K Watson*
*Deputy Clerk*

A True Copy of Original
This 05-16-01
M. Watson
Dy. Clerk of Court

*l.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANDREW WEARY** | **CIVIL ACTION** |
| **VERSUS** | **NO:    10-1793** |
| **N. BURL CAIN, BUDDY CALDWELL** | **SECTION: "C" (4)** |

## ORDER

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, Respondents' objections to the Magistrate Judge's Report and Recommendation, and petitioner's opposition to objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Accordingly,

IT IS ORDERED that Andrew Weary's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is DENIED IN PART as to his claims of constructive denial of effective assistance of counsel, ineffective assistance of counsel, and insufficient evidence to convict him of the armed robbery, and these claims are DISMISSED WITH PREJUDICE; and it is GRANTED IN PART only as to the double jeopardy claim unless, within 90 days from the entry of a judgment by this Court, the Louisiana State Courts do the following: (1) vacate the sentences imposed for the armed robbery and attempted first degree murder convictions; (2) vacate the conviction for one of the offenses; and (3) resentence Weary on the remaining offense. The case

Respondents cite to in their objections, *Morris v. Matthews*, 475 U.S. 237 (1986), is inapposite to this case.

New Orleans, Louisiana, this 22 day of February 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

2

camera inspection will reveal that the state court did not follow the instruction of the district court. Rec. Doc. 34 at 1. However, Weary does not illuminate what specific discrepancy will be uncovered by a review of evidence outside of the transcript. In response to these motions, the State provided at transcript of the Louisiana State Courts' proceedings. Rec. Doc. 38-1, Exh. A. The Court carefully reviewed the transcript. Considering this Court's acknowledgment of the State Court's need to comply with its previous Order, it is unnecessary to have either an evidentiary hearing or an in-camera inspection of the state court proceeding for which there is a transcript composed by a sworn court reporter.

### III. CONCLUSION

The constitutional infirmary of Weary's convictions under the double jeopardy clause must be remedied. The Court finds that allowing the state court extra time for compliance on its own will lessen the number of mistakes of this nature in the future. The Court offers the state a time extension of 90 days from the date of this judgment to comply with the mandates of the conditional writ. Rec. Doc. 27.

Accordingly,

It is ORDERED that Weary's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is GRANTED IN PART and DENIED IN PART. Rec. Doc. 30.

IT IS FURTHER ORDERED that unless within 90 days from the issuance of this Order and Reasons, the Louisiana State Courts comply with this Court's past Order and Judgment, petitioner's claim will be granted as to the double jeopardy claim. Rec. Doc. 27; Rec. Doc. 28.

13

IT IS FURTHER ORDERED that Weary's motion for an evidentiary hearing and appointment of counsel is DENIED.  Rec. Doc. 33.

IT IS FURTHER ORDERED that Weary's motion for an in-camera inspection of the tape of the proceedings held on May 23, 2012 is DENIED.  Rec. Doc. 34.

New Orleans, Louisiana this 19th day of August, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT

14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

ANDREW WEARY 100756

Docket No. _____

VERSUS

DARYL VANNOY, WARDEN
Louisiana State Penitentiary

---

MEMORANDUM IN SUPPORT of
PETITIONER'S WRIT of HABEAS CORPUS
FROM A NEW JUDGEMENT   10-1793

---

May it Please the Court;

Comes Now, Andrew Weary, Pro-Se Petitioner herein who files the instant Petition for Writ of Habeas Corpus and Memorandum in support of law, of the instant Petition. The Petitioner would Present to this Court the following, to Wit;

## Jurisdiction and Venue

This Memorandum of law is being submitted of Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. Subs. 2241, 2214(b) And 2254 (A.) And Request for An Evidentiary Hearing and immediate Release from custody.

i

TABLE OF CONTENTS AND AUTHORITIES

MEMORANDUM OF LAW

JURISDICTION AND VENUE

PROCEDURAL HISTORY

EXHIBITS

COMMITMENT

FELONY BILL OF INFORMATION

OPINIONS                                    Exhibit 1

LOUISIANA SUPREME COURT (P.C.R.)

FIRST CIRCUIT COURT OF APPEAL (LA.) (P.C.R.)

TWENTY SECOND JUDICIAL DISTRICT COURT (LA.) (P.C.R.)


LOUISIANA SUPREME COURT (DIRECT APPEAL)
                                                      EXH
FIRST CIRCUIT COURT OF APPEAL (LA.) (DIRECT APPEAL) . . . 1


PETITIONER'S POST CONVICTION RELIEF APPLICATION TO THE

LOUISIANA SUPREME COURT. . . . . . . . . . . . . . . 2

PETITIONER'S POST CONVICTION RELIEF APPLICATION TO THE

FIRST CIRCUIT COURT OF APPEAL (LA.). . . . . . . . . . 2

PETITIONER'S POST CONVICTION RELIEF APPLICATION TO THE

TWENTY-SECOND JUDICIAL DISTRICT COURT (LA.). . . . . . 2


PETITIONER'S DIRECT APPEAL TO THE LOUISIANA SUPREME COURT.

PETITIONER'S DIRECT APPEAL TO THE FIRST CIRCUIT COURT OF APPEAL

(LA.). . . . . . . . . . . . . . . . . . . . . . . . 3

ii

MINUTES OF HEARING FOR RE-SENTENCING HELD SEPTEMBER 13, 2013 . . . . . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING HELD ON SEPTEMBER 13, 2013 . EXHIBIT 5

Procedural History

iii

On December 6, 2000, in Case Number 00 CRS 79804, the Petitioner was convicted before a Jury, of Attempted First Degree Murder and Armed Robbery in violation of La. R. S. 14: 27 and 30 and La. R.s. 14.64 and sentenced as a Multiple Offender on May 9, 2001 to a term of 75 Years without Parole. Petitioner on Direct Appeal was Remanded back to the Sentencing court for sentencing on the Charge of Attempt First Degree Murder and on July 23, 2002 received a term of 35 Years to Run Concurrent.

Upon Filing for a Writ of Habeas Corpus to this court, it was determined the Petitioner was timely throughout all Appeal Processes. This Court found that the lower courts Violated Petitioner's Constitutional Right Against being Placed twice in Jeopardy and ordered the Petitioner be Re-sentenced or the writ would issue. Weary vs. Cain 10-1793. On May 23, 2012 Petitioner was brought to the state District court for resentencing after which. Petitioner Filed that the court failed to comply. This Court found the state court to be in Non-compliance with the mandate therefore Leaving Petitioner in double Jeopardy. Further this Court offered the state court a 90 day window of time in which to correct the double Jeopardy violation or that it would release it's Petitioner.

Upon Filing C.O.A. to the United States Fifth Circuit Court of Appeal. it was determined that Petitioner's Appeal would be Affirmed.

1.

Petitioner was subsequently denied certiorari in the United States Supreme Court. Appeal was two days late.

Petitioner on September 13, 2013 however was brought to the state court for resentencing for this courts order and reasons August 19, 2013. An appeal was taken to the First Circuit Court of Appeal, Louisiana. The following errors were filed. 1.) Ineffective assistance of counsel on appeal, 2.) Constructive and/or actual denial of counsel at the rehearing on sentence, 3.) Excessive sentence, 4.) Request for an out of time appeal. These were denied: STATE v. WEBB, 2014-KA-1706. Certiorari to the Louisiana Supreme Court was also denied, SEE STATE v. WEBB, 2015-KO-1030 (April 08, 2016).

Petitioner then filed immediately an application for Post Conviction Relief to exhaust and and all state court remedies. Petitioner requested denial of his application for Post Conviction Relief in the Twenty-Second Judicial District Court SEE OD. CRS. 79804 6-23-16. Denied on showing moot. First Circuit Court of Appeal, Louisiana State v. WEBB, 2016.KW. 0981. WRIT DENIED on showing moot. Supreme Court of Louisiana filed October 16, 2016 STATE ex. rel. WEBB v. State 2016. KH. 1907 denied with reasons 2-09-2018 WRIT denied 930.3, 930.4 and 930.8. unreasonable Practice of the law. At the September 2013 resentencing Post Conviction Relief Remedies Petitioner was

2.

Afforded Post Conviction Relief and opted Not to Pursue the
Collateral Appeal System as all Claims of Error was addressed
at the Direct Appeal level of the state courts, wherefore
Excluding the Abuse of Writs and beings timell into these
Federal Courts.

On February 7, 2018, The Louisiana Supreme Court sought
to Place 930.3, 930.4 and 930.8 bars to the Petitioner's Ap-
lication for Post-Conviction Relief, from Petitioner's Re-sentencing from
Habeas Corpus Order and reasons of August 19, 2013. At the Re-
sentencing hearing held on September 13, 2013, the Twenty
second Judicial District Court Gave Petitioner Two Years in
which to file Post Conviction Relief (Pg. 9 Resentencing Trans.).
In Compliance with the courts meanings of P.C.R. Petitioner
Met the Exhaustion Requirements of the Anti Terrorism and
Effective Death Penalty act by requesting that P.C.R. be
denied for that Purpose with No Claims are litigated. These
bars do not apply to Petitioner when the Petitioner is
Granted a New Post Conviction Proceeding based upon a New
Judgement. Petitioner on direct Appeal sent to the Louisiana
Supreme Court a copy of the Resentencing Transcript of the
September 13, 2013 Resentencing. Thus if there is Error, then
Error lies on the Part of the lower state court and Not
the Petitioner. In Magwood v. Patterson, 130 S.CT. 2788, 561
U.S. 330 (2010) it is cited that the A.E.D.P.A. Bar on second
or successive Habeas Corpus Applications Applies only to a

3.

SECOND OR SUCCESSIVE APPLICATION CHALLENGING THE SAME STATE
COURT JUDGEMENT. 28 U.S.C.A. SUBSEC. 2244 b. HERE PETITIONER
PRESENTS A NEW CLAIMS OF ERROR FILED ON DIRECT APPEAL WHICH
OCCURED AT A RESENTENCINGS OF A RESENTENCING AFTER HABEAS
REVIEW OF PETITIONER'S ORIGINAL SENTENCES VIOLATED THE CONSTI-
BAR AGAINST DOUBLE JEOPARDY. THUS PETITIONER WILL PRESENTED
PROCEEDURES TO THE STATE COURTS PROPERLY AND ISN'T BAR TO P.C.R.
SO THE STATE SHOULD BE LIFTED AND PETITIONER'S HABEAS CORPUS
HEARD AS PETITIONER PRESENTS TO THIS HABEAS COURT NEW CLAIMS
BASED ON A NEW JUDGEMENT AND COULD NOT HAVE BEEN PRE-
SENTED IN AN EARLIER PETITION.

WHEREFORE THE BARS BEING PLACED IN ERROR YOUR PETITIONER
ASKS THIS COURT TO LIFT THE STATES ERRANT BAR.

PLEASE NOTE: PETITIONER'S ORIGINAL HABEAS CORPUS DOES CLAIM
AS ERROR THE CONSTRUCTIVE DENIAL OF COUNSEL AT
"TRIAL." SO THAT THIS CLAIM OF CONSTRUCTIVE DENIAL
OF COUNSEL IS NOT MISCOUNSTRUED WITH THE
ORIGINAL. THE DATE OF THIS CLAIM IS SEPTEMBER
13, 2013; THE ORIGINAL CLAIM DATES ARE DEC. 4
THRU DEC. 6, 2000. THUS THE TERM SECOND OR SUC-
CESSIVE MUST BE INTERPRETED WITH RESPECT TO
THE JUDGEMENT CHALLENGED. SEPTEMBER 13, 2013.

4

On September 13, 2013, the Louisiana state court, vacated said prior sentences, vacated the conviction for attempt first degree murder said sentenced Petitioner down to a term of 75 years without parole.

The Petitioner now seeks his release from yet another United States constitution violation that renders the procedure of the September 13, 2013, re-sentencing of the Petitioner void.

. Facts. .

At the hearing of September 13, 2013, the Petitioner was was called before the bar to be re-sentenced pursuant to order and reasons of the U.S. D.C. Eastern District of Louisiana said an order from the said Judicial District Court. The State Court appointed no counsel to represent Petitioner at the hearing said Petitioner was left to stand for himself alone despite the 6th Amendment to the U.S. constitutions Guarantee to the effective assistance of counsel said that guarantee extends to all critical stages of the proceedings.

The State court proceeded by denying Petitioner's Motion to continue the hearing as it was already determined by this court that Petitioner would be appealing the District Courts Rulings. The State court then vacated said prior sentences and the conviction for attempt first decree murder over objections with reasons stated by the Petitioner because

5.

Petitioner was unccounseled. The state court then sentenced Petitioner to a term of 75 years to the charge of armed Robbery.

On October 3, 2013 Petitioner filed an appeal brief into the UNITED STATES COURT OF APPEAL FIFTH CIRCUIT, Which was denied. Certiorari to the UNITED STATES SUPREME COURT LEVEL was denied as untimell filed.

It is from the SEPTEMBER 13, 2013. RESENTENCING Petitioner is requesting his immediate Release from custody as is created from ORDER and Judgement of February 23, 2012; Rec. doc. 37; Rec. doc. 38, and ORDERED on August 17, 2013; Rec. doc. 42.

## REASONS FOR GRANTING THE WRIT

The decision of the First Circuit Court of appeal for the state of Louisiana conflicts with the decision of the SUPREME COURT of the UNITED STATES on the same legal issues; and;

In Rendouncing affirmation to the TWENTY-SECOND Judicial District Courts RE-sentencing of Petitioner, with out the Guaranteed Constitutional Right to Counsel Nor Pro- ceedings Ensuring waiver of that constitutional right, the court of appeal First Circuit has erroneously Inter- Preted and applied the Constitution and laws of this state

6.

And the UNITED STATES Constitution, said the decision will cause material injustice and significantly affect Public interest, also:

The Court of Appeals, First Circuit in affirming Petitioner's RE-SENTENCING Proceedure using a minute entry has departed from Proper Judicial Proceedings and abused its Powers by sanctioning a departure and abuse by the Twenty-Second Judicial District Court as to call for an EXERCISE of this COURTS supervisiary Authority.

## CLAIM OF ERROR No. 1

CONSTRUCTIVE DENIAL OF COUNSEL:

Louisiana's First Circuit Court of Appeal decided to use the minute entry to address Petitioners claim of of denial of counsel instead of the resentencing issues raised thereby ERRING in its opinion of the claim. The Louisiana Supreme Court gave a one word denial after Petitioner sent the transcript of Cert. appli.

The TWENTY-SECOND Judicial District Court erred in continuing Proceedures to Re-sentencing of Petitioner after Counsel at hearings made statements to the effect that he had not litigated the claim and was not going to Represent Petitioner and did not Represent Petitioner. The only was between the court and Mr. Weary other than a side-bar at the onset

7.

of the proceedings when counsel asked for sidebar which was granted off the record. Counsel made no attempt to help or be of assistance to petitioner afterward.

The Sixth Amendment to the united states Constitution guarantees the assistance of counsel at every critical stage of the proceedings held against a criminal defendant.

Appellant asserts he was actually and/or constructively denied counsel according to the sixth amendment of the united states constitution. In the united state Us. Cronic, 466 U.S. 648 (1984), the United States supreme court held that a defendant might be constructively denied counsel although counsel had been appointed. The Cronic Court recognized that the performance of counsel may be so inadequate as to constitute no assistance of counsel at all, despite the physical presence of an attorney at the proceeding. Cronic. 466 U.S. 654 n. 11. The Cronic Presumption of Prejudice arises in circumstances where (1) there exists "complete denial of counsel" or a denial of counsel "at a critical stage" of the defendant's trial; (2) defense counsel fails to "subject the prosecutions case to a meaningful adversarial testing" or (3) counsel is called upon to render assistance where competent counsel very likely could not". Cronic 466 U.S. 658-659. It is in the presence of these

8.

"Circumstances of magnitude" where" the likelihood that the verdict is unreliable is so high that a case by case inquiry is so unnecessary." Mickens v. Taylor, 535 U.S. 162, 166 (2002)

The Supreme Court also has emphasized that for Cronic to apply, "the attorney's Judicial failure must be complete." Bell vs. Cone, 535 u.s. 685, 697 (2002)." For the purposes of distinguishing between the rule of Strickland and that of Cronic, the supreme Court held that a case does not come under Cronic merely because counsel failed to oppose the Prosecution... at specific points in the proceeding. Bell, 535 u.s. at 697. The Cronic standard applies only when counsel entirely failed to challenge the Prosecution's case. Bell, 535 u.s. at 697. When Counsel Provides "some meaningful assistance," the Cronic standard is inapplicable. Cenker vs. McCotter, 805 F.2d 538, 542 (5th Cir. 1986).

In this case the record shows Counsel, at the outset asks for a bench conference. That is the extent totally of counsel's appearance at appellant's resentencing of September 13, 2013. The transcript supports this and that counsel said nothing further during the entire hearing. However at the outset of the case being called, Counsel said "I did not litigate this. I'm not representing him." Also, Counsel asked who had charge over Petitioner, so that one of My hands could be un-cuffed so I could get into my paperwork.

9.

This case was brought on after a first resentencing of appellant was remanded by the United States District Court, Eastern District of Louisiana for a second resentencing. The May 23, 2012 resentencing appellant was resentenced by Darrell Sims said John W. Lindner, at the September 13, 2013 hearing counsel was supposed to have been Kevin Lindner who was appointed or waived. None had ever seen appellant or what the gist of the case was. Mr. Lindner admitted he had no knowledge of the case, had not seen what appellant had litigated to the courts to be back for a resentencing of a resentencing and did not consult with appellant nor had counsel that knowledge of the facts, further counsel there since has went sat on a pew in the audience section of the courtroom. The transcript is accurate, showing counsel made no comments at all, counsel didn't have to sat it he was in fact just standing in for this one.

The sixth amendment entitles a defendant to the assistance of counsel at all critical stages of a criminal proceedings. See e.g., United States v. Taylor, 933 F.2d 307 (6th Cir.), cert. denied, 502 U.S. 883, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991). The Supreme Court has written that "[t]he Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment of counsel." Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). The

10.

Supreme Court has recognized that there are some circumstances in which although counsel is present "the performance of counsel may be so inadequate that in effect, no assistance of counsel is provided." United States vs. Cronic, 466 U.S. 648, 654 N.11, 104 S.Ct. 2039, 2044 N.11, 80 L.Ed.2d 657 (1984) Quoting Decoster v. United States, 624 F.2d 196, 219 (D.C. Circuit) Cert. denied 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed 2d 311 (1979). See also Strickland 466 U.S. H 686, 104 S.Ct. at 2063; United States v. Taylor, 933 F.2d at 313. In this case Appellant could not have been aware that he would be Appointed counsel as Appellant was not Notified. Counsel did not at no time confer with Appellant, never said that he was to assist Appellant Nor did he assist Appellant. As far as the transcript is concerned Counsel Made No attempt to represent Appellants interest. Overall Appellant did not have Counsel. It should be held that the failure of Appellants counsel to Provide said assistance of counsel is a constructive denial of the constitutionally Right to the assistance of Counsel.

Prejudice is automatically Presumed in an actual or constructive denial of Counsel and the Proceeding is automatically Reversed. Appellant asks this Honorable to Reverse the Proceeding and Grant immediate Release and to the order and reasons of the August 19, 2013 Mandate. The United States Court of Appeal, Fifth Circuit Held

11.

That the "failure of Tucker's counsel to provide full assistance was a constructive denial of his right to counsel." Because "actual or constructive denial of the assistance of counsel is legally presumed to result in prejudice." Strickland, 466 U.S. at 692, 104 S.Ct. at 2067, the District court erred in dismissing this aspect of Tucker's Petition. The U.S. Fifth Circuit reversed.

A reading of the transcript will show that Appellant's supposed counsel did the same as Tucker's and should be reversed and immediate release granted.

## CLAIM OF ERROR NO. 2

THE PETITIONER'S SENTENCE IS NOT IN ACCORD WITH NORTH CAROLINA v. PEARCE THUS EXCESSIVE.

In Pronouncing Judgement to resentence Appellant the state court took no notice of the North Carolina v. Pearce court as appears in Neville v. Butler, 867 F.2d 886 (C.A. 5th Cir. 1989). The North Carolina court upon resentencing Pearce did what while the time Pearce served, deducted it from his new sentence, then sentenced Pearce to a term of years.

The state court on September 13, 2013 vacated both Appellant's sentences and vacated the conviction for att.

12.

first degree murder then resentenced without to a term of 70 years. SEE Page nine of Sentencing Transcript, 9-13-2013. Appellant at the time of Resentencing had served over thirteen years of a seventy-five year Multiple offender sentence in which none of was deducted. In other words, according to the Pierce Court Appellant should have been sentenced to a term of sixty-one years and ten months. The state court Erred.

Further, on May 09, 2001, then Judge of the state court sentenced Appellant to an habitual offender to a term of seventy-five years without Probation for the conviction of Armed Robbery. Appellant was not Previously sentenced to the armed Robbery. Therefore the 2013 state court in sentencing Appellant to a term of seventy years (seventy-five actually) did not take into consideration that there being no habitual offender sentence attached to this new Judgement sentence that the 2001 court may not have sentenced Appellant to a seventy-five year term. Therefore the 2013 court had the authority to default downward from the seventy-five year sentence instead of imposing a sentence based upon the 2001 courts action which did not particular and specific reasons as warranted under Article 894.1 of the La. Code of Cr. Proc. Once the habitual offender status is gone Appellant had no actual original sentence to armed Robbery and the need for sentencing enhancement has been removed.

13.

SEE La. Rev. Stat. tit. 15.529.1. The sentence is now unsupported as to the charged crime and the second first degree murder conviction would not stand.

Appellants sentence as is, is excessive and violates the pierce rule of removing the time in actual custody and to sentence appellant to the remainder of given sentence. Also appellants sentence is based upon the belief that it could not be downward departed by the 2013 court.

## Conclusion

The immediate release of your Petitioner.

By Order and reasons of this United States District Court, Eastern District of Louisiana. the court found that the lower state courts made a good faith mistake that left the Petitioner still in double Jeopardy & violation of the United States Constitution and ordered: THAT unless within 90 days from the issuance of this order and reasons, the Louisiana State courts comply with the issuance of this Order *and reasons* Courts Post Order and Judgement. Petitioner's claim will be treated as to the double Jeopardy claim. Rec. Doc. 27; Rec. Doc. 28; Page 13 of Order and Reasons Weary vs. Crim Docket No. 10-1793.

14

The state courts actually and/or constructively denied Petitioner the assistance of Counsel as guaranteed by the sixth amendment to the United States Constitution. The Louisiana State Courts at the appellate level entirely failed to apply the law pertaining to constructive denial of Counsel and is "contrary to" federal law as clearly established by the decisions of the Supreme Court. Petitioner had the Right to counsel at all critical stages, including RESENTENCING and denial of that Right to Counsel is prejudicial. Petitioner said that the RESENTENCE Proceeding held on September 13, 2013 is secured in violation of Petitioner's Right to counsel and must be reversed. SEE Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed. 2d 799 (1963) (Right to Counsel in State Court Prosecutions); Mempa v. Rhay, 389 U.S. 128, 134, 88 S. Ct. 254, 257, 19 L. Ed. 2d 336 (1967) (Right to counsel at all critical stages); Strickland, 466 u.s. at 692, 104 S. Ct. 2067 (citing Cronic, 466 u.s. at 659 and n. 25, 104 S. Ct. 2046-47 and and n. 25) (Prejudice is Presumed where Right to Counsel is constructively denied.

Petitioner's argument is that he had no representation by counsel at all. The transcript speaks for itself. At the outset supposed counsel requested bench conference. The text "The Court" and "Mr. Werell" clearly demonstrate Petitioner

15.

had no assistance of counsel which is reversible error, such that the proceedings held cannot legally stand in any United States court. Therefore, being that the proceedings not constitutionally binding. Petitioner after two unsuccessful tries is still serving an unconstitutional sentence. which sentence, this court has said "will" award the writ of Habeas Corpus for the double jeopardy violation. This is not a good faith mistake, it is common proper procedure to appoint counsel for defendants or denial of that counsel amounts to the constitutional violation as occurs here. Note. Petitioner has filed an earlier application for Post Conviction Relief and assigned as error the denial of counsel, so the Louisiana lower courts are already aware of the significance. Therefore this is not a good faith mistake.

The remedy to the grant of Habeas Corpus after a state court fails to meet the conditions is his release. The Louisiana state court failed to meet the conditions of the February 23, 2013 mandate from this Court and this Court ordered the state court an additional 90 days in which to comply and remove the unconstitutional double jeopardy. The Louisiana state court has failed again as this Court have no order for the state court to hold proceedings against Petitioner without the assistance of counsel thereby unconstitutionally violating the proceedings. Your Petitioner is still held in violation of the

16.

United States Constitutional Amendment Prohibiting double Jeopardy.

Petitioner Seeks immediate Release as stated in order and Reasons of this Court on August 19, 2013, and February 23, 2012 Judgement and order of Writ of Habeas Corpus as to the double Jeopardy violation.

In Fay v. Noia, 372 U.S. 423, 83 S.CT. 841. The Supreme court Recounted the Historical use of the writs of Habeas Corpus and the Reluctance of the Federal Courts to extend the writ to interference with state court Procedures. 372 U.S. at 423, 83 S.CT. at 829. The court recognized that the Root Principle of the Habeas writ is "That in a civilized society, Government must always be accountable to the Judiciary for a mans imprisonment: if the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to immediate release." 372 U.S. at 402, 83 S.CT. at 829. Thus the focus of the writ is an inquiry "into the legality of the Prisoners Confinement." at 418, 83 S.CT. 837.

The writ of Habeas Corpus is a New suit brought by a Petitioner to Enforce a civil Right, which he claims as against those who are holding him in custody. The Proceeding is one instituted by himself for his liberty, and not the Government to Punish for his crime. the Judicial Proceeding under it is not to inquire into the criminal act committed of but into the the right of liberty notwithstanding the act. Fay v. Noia, 372

17.

U.S. at 463 n.34, 83 S.CT. at 841, n.34 (Duncan Brief). Habeas Corpus and special Remedies, subs. 4 (1913). SEE Also; Phifer v. Warden, 55 F.3d 864-65 (7th Cir. 1995) Requiring the Petitioner's immediate release from Custody. Fisher v. Rose, 757 F.2d 789; Accord, E.G., Wilkinson v. Dotson, 544 U.S. 74, 87, 125 S. CT. 1242, 161 L. Ed. 2d 253 (2005) (Scalia, J., Concurring) Conditional Writs enable habeas courts to give states time to replace an invalid Judgement with a valid one, and the consequence when they fail to do so is absolute release." Henderson v. Frank, 155 F.3d 159, 168 (3rd Cir. 1998) and Phifer, 53 F.3d at 864-65; 2 Randy Heck & James S. Liebman, Federal Habeas Corpus Practice and Procedure subs. 33.3 at 1684 (5th ed. 2005) ("If the state court fails to act within the time set for retrial (or for some other procedure) to occur, the Petitioner must be Released from Custody immediately.")

The Petitioner asks this court to grant the writ of Habeas Corpus; New Jurisdiction claim under civil action number 10-1793 making the writ absolute, and in favor of the Petitioner to be released from the custody of the state and that the state refrain from further double Jeopardy Proceedings against him.

Respectfully Submitted
Andrew Library, 100956
L.S.P. Henerth Delivery
Angola, La. 70712

18.

Supreme Court
of Louisiana

1. P.C.R. Filing date   10/21/2016

2. Opinion: Feb. 9, 2018   3 Pages   Not complete

Court of Appeal First Circuit

1. Opinion: Sept. 22, 2016   P.C.R.

Twenty-Second Judicial District Court

1. Opinion   6·13·16   P.C.R.

Exhibit 1.



𝔖upreme 𝔔ourt
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
  BERNETTE J. JOHNSON    Seventh District

JUSTICES
  GREG G. GUIDRY    First District
  SCOTT J. CRICHTON    Second District
  JEANNETTE THERIOT KNOLL    Third District
  MARCUS R. CLARK    Fourth District
  JEFFERSON D. HUGHES III    Fifth District
  JOHN L. WEIMER    Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

October 21, 2016

Andrew Weary #100956
Louisiana State Penitentiary
General Delivery
Angola, LA 70712

Re:  2016 - KH - 1907

Andrew Weary
vs.
State of Louisiana

This is to advise that the pleadings in the above entitled matter were received and filed on 10/21/2016. The filing was metered on 10/11/2016. The case bears the above number on the Docket of this Court.

John Tarlton Olivier
Clerk of Court

JTO: rb
ccs. Hon. Johnny D. Crain, Clerk
    Hon. A. J. Hand
    Hon. Warren Montgomery
    Hon. Rodd Naquin, Clerk
    Court of Appeal, First Circuit, Number(s)    2016 KW 0981
    22nd Judicial District Court  Div. "B" Number(s)    00 CR5 79804



**Supreme Court**
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
  BERNETTE J. JOHNSON          Seventh District

JUSTICES
  GREG G. GUIDRY               First District
  SCOTT J. CRICHTON            Second District
  JAMES T. GENOVESE            Third District
  MARCUS R. CLARK              Fourth District
  JEFFERSON D. HUGHES III      Fifth District
  JOHN L. WEIMER               Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

February 9, 2018

SENT VIA ELECTRONIC TRANSMISSION
PAGES SENT INCLUDING THIS COVER:  3

Re:  2016 - KH - 1907

Andrew Weary
vs.
State of Louisiana

Attached are documents being transmitted to the inmate in the captioned case.

John Tarlton Olivier
Clerk of Court

JTO: tam
ccs: Hon. Johnny D. Crain, Jr., Clerk
     Hon. A. J. Hand
     Hon. Warren Montgomery
     Hon. Rodd Naquin, Clerk
     Court of Appeal, First Circuit, Number(s)           2016 KW 0981
     22nd Judicial District Court  Div. "B" Number(s)    00 CR5 79804

Andrew Weary #100956
Louisiana State Penitentiary, General Delivery
Angola, LA 70712

# The Supreme Court of the State of Louisiana

STATE EX REL. ANDREW WEARY

NO.   2016-KH-1907

VS.

STATE OF LOUISIANA

— — — — — —

IN RE:  Andrew Weary; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of Washington,  22nd Judicial District Court
Div. B, No. 00 CR5 79804; to the Court of Appeal, First Circuit, No.
2016 KW 0981;

— — — — — —

February 9, 2018

Denied. See per curiam.

JLW

BJJ

GGG

MRC

JDH

SJC

JTG

# SUPREME COURT OF LOUISIANA

## No. 16-KH-1907

### STATE EX REL. ANDREW WEARY

FEB 0 9 2018                    v.

### STATE OF LOUISIANA

## ON SUPERVISORY WRITS TO THE TWENTY-SECOND
## JUDICIAL DISTRICT COURT, PARISH OF WASHINGTON

**PER CURIAM:**

Denied. Relator does not identify any claim cognizable on collateral review. La.C.Cr.P. art. 930.3.

Relator has exhausted his right to obtain post-conviction relief in state court. Similar to federal habeas relief, *see* 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court



Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

September 22, 2016

Docket Number:  2016 - KW - 0981

State Of Louisiana
     versus
Andrew Weary

TO:  Warren LeDoux Montgomery
       701 N. Columbia Street
       Covington, LA 70433
       wmontgomery@22da.com

Andrew  Weary
Louisiana State Penitentiary
General Delivery
Angola, LA 70712

Hon. August J. Hand
701 N. Columbia Street
Justice Center - Room 2304
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

 RODD NAQUIN
CLERK OF COURT

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

ANDREW WEARY

NO.   2016 KW 0981

SEP 2 2 2016

---

In Re:   Andrew Weary, applying for supervisory writs, 22nd
Judicial District Court, Parish of Washington, No. 00
CR5 79804.

---

BEFORE:   WHIPPLE, C.J., GUIDRY AND McCLENDON, JJ.


   **WRIT DENIED ON THE SHOWING MADE.**   Relator failed to include
all pertinent documentation and other portions of the district
court record which would be necessary to review the claims
raised in the application for postconviction relief.

VGW
JMG

   McClendon, J., concurs and would deny the writ application.


COURT OF APPEAL, FIRST CIRCUIT


*Elizabeth D. Nauta*

DEPUTY CLERK OF COURT
FOR THE COURT

APPENDIX "A"

UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

_Andrew Wilare_
NAME OF PETITIONER

_100956_
PRISON NUMBER

No. _00 CR5 99804_
(To be filled in by the clerk)
_22nd_ JUDICIAL DISTRICT

IN THE PARISH OF _Washington_
STATE OF LOUISIANA

VS.

_Darrel Vannoy_
CUSTODIAN (Warden, Superintendant,
Jailor, or authorized person having custody
of applicant)

LA. State Penitentiary
Place of Confinement

Please Serve CUSTODIAN and _Warren Montgomery_ , DISTRICT ATTORNEY,
_22nd_ JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS — READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation for the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

### PETITION

1.  Name and location of court which entered the judgment of conviction challenged:
    _Twenty second Judicial District Court_
    _Franklinton, Louisiana 70438   Washington Parish_

2.  Date of judgment of conviction: _December 6, 2000_

3.  Length of sentence: _75 years Resentence  9-13-2013_

4.  Nature of offense involved (all counts) _Armed Robbery  R.S. 14:64_

    _Attempted first degree murder / Inchohed  R.S. 14:27 & 14:30_

1

5.      What was your plea? (check one)
        (a)     Not guilty (✓)
        (b)     Guilty      (  )
        (c)     Not guilty and not guilty by reason of insanity (  )
                If you entered a guilty plea to one or more counts and not guilty to other counts, give details:_____

_____

_____

        (d)     Name and address of the lawyer representing you at your plea (if you had no lawyer please
                indicate): _NONE   AVAILABLE_____

        (e)     Was the lawyer appointed (  ) or hired (  )? (check one)

6.      Kind of trial: (check one)
        (a)     Jury ☒
        (b)     Judge only (  )

7.      (a).    Name and address of lawyer representing you at trial: _John McGuckin_
                _905 PEARL St. FRANKLINTON LA. 70438_

        (b).    Was the lawyer appointed (☒) or hired (  )? (check one)

8.      Did you testify at trial? Yes (☒)  No (  )

9.      (a)     Give the name and address of the lawyer who represented you at sentencing for the conviction
                being attacked herein: _RESENTENCING   9/13/2013 NONE._
                _AVAILABLE_

        (b)     Was the lawyer appointed (  ) or hired (  )? (check one)

10.     Did you appeal from the judgment of conviction? Yes (☒)  No (  )

11.     If you did appeal, give the following information:
        (a)     Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal
                (if known) _COURT OF APPEAL FIRST CIRCUIT (La.) NO. 2014 KA 1706_
                _SUPREME COURT, LA.   NO. 2015 KO 1030_
        (b)     Name and address of lawyer representing you on appeal: _Gwendolyn Brown (La._
                _APPALETE PROJECT,   PROSE_

        (c)     Was the lawyer appointed (☒) or hired (  )? (check one)

12.     Other than direct appeal from the judgment of conviction and sentence, have you previously filed any
        application for post-conviction relief with respect to this judgment in any state or federal court.
        Yes (  )  No (  ).

13.     If your answer to 12 is "yes", give the following information:
        (a)     (1)     Name of court _U.S-D.C. E.D.   U.S. C.A. 5th Cir.  U.S. Supreme Court_
                (2)     Nature of proceeding _Habeas Corpus Co. +.   Petition for Certiorari_

                (3)     Claims raised: _Ineffective Assistance of Counsel_
                        _Constructive Denial of Counsel_
                        _Insufficient Evidence To Convict for Armed Robbery_
                        _Double Jeopardy_

                (4)     Did you receive an evidentiary hearing on your application? Yes (  )  No (☒)
                (5)     Was relief Granted or denied? _GRANTED_
                (6)     Date of disposition: _February 23, 2012_       _August 19, 2013_
                (7)     Citation of opinion (if known) _U.S. D.C. Civil Action No. 10.0793_
                (8)     Name and address of lawyer representing you: (if none, so state) _PRO·SE_

_____

                (9)     Was the lawyer appointed (  ) or hired (  )? (check one) _NONE AVAILABLE_