**CLAIM III**

Claim:_____

_____

(a)    Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)    List names and addresses of witnesses who could testify in support of your claim.  If you cannot do
so explain why:_____

_____

_____

_____

(c)    If you failed to raise this ground in the trial court prior to conviction, on appeal, or in a prior application,
explain why:_____

_____

_____

_____

_____

*You may attach additional pages setting forth the required information (above) if additional claims are
asserted.*

A.    Do you have in a state or federal court any petition or appeal now pending as to the judgment
challenged?  Yes ( ) No (X).  If "yes", name the court. _____

_____

B.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment
challenged? Yes ( )  No (X)

    (1)    If so, give name and location of court which imposed sentence to be served in the future:

    _____

    (2)    Give date and length of sentence to be served in the future: _____

    (3)    Have you filed, or do you contemplate filing, any petition attacking the judgment which
imposed the sentence to be served in the future? Yes ( ) No ( ).

C.    If a copy of the court order sentencing you to custody is not attached, explain why._____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

_____
Signature of Petitioner

3          6          2016
Day/       Month      /Year

6

APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

_0.05 in RESERVE ACCOUNT_

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

_Andrew Weary_
Signature of Petitioner

**AFFIDAVIT**

STATE OF LOUISIANA

PARISH OF _WEST FELICIANA_

I, _ANDREW WEARY_, being first duly sworn says that he has read the
(Name of Petitioner)
foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above.

_Andrew Weary_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this ___3rd___ day of
___June___, 20 _16_.

_#137474_
Notary Public or other person authorized
To administer an oath.

Order

P.C.R. Denied on Showing Made.
See July 16, 2012 Judgment with
reasons.

6/13/16

A True Copy of Original
This ___6-23-16___
Dy. Clerk of Court

Supreme Court of the State of Louisiana

Direct Appeal, Writ of Certiorari

1. Denied; April 8, 2016

Court of Appeal First Circuit Louisiana

1. Denied; Opinion Given

Exhibit 2

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

NO. 2015-KO-1030

VS.

**ANDREW WEARY**

— — — — — —

IN RE: Andrew Weary; - Defendant; Applying For Writ of Certiorari and/or Review, Parish of Washington, 22nd Judicial District Court Div. B, No. 00-CR5-79804; to the Court of Appeal, First Circuit, No. 2014 KA 1706;

— — — — — —

**April 8, 2016**

Denied.

> MRC
> BJJ
> JTK
> JLW
> GGG
> JDH
> SJC

Supreme Court of Louisiana
April 8,2016

Clerk of Court
Deputy  For the Court



Office Of The Clerk

## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

April 24, 2015

Docket Number:  2014 - KA - 1706

State Of Louisiana
    versus
Andrew Weary

TO:   Gwendolyn  Brown
      Louisiana Appellate Project
      P. O. Box 64962
      Baton Rouge, LA 70896
      gwynbrown1@cox.net

      Hon. Walter P. Reed
      St. Tammany Parish
      701 North Columbia St.
      Covington, LA 70433

Kathryn  Landry
Special Appeals Counsel
IEYOUB & LANDRY, L.L.C.
Post Office Box 82659
Baton Rouge, LA 70884
kathilandry@aol.com

Hon. August J. Hand
701 N. Columbia Street
Justice Center - Room 2304
Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2014 KA 1706

STATE OF LOUISIANA

VERSUS

ANDREW WEARY

Judgment Rendered: **APR 2 4 2015**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of Washington
State of Louisiana
Trial Court No. 00 CR5 79804

Honorable August Hand, Judge Presiding

* * * * *

Walter Reed                                    Attorneys for Plaintiff-Appellee,
District Attorney                              State of Louisiana
Leigh Anne Wall
Assistant District Attorney
Franklinton, LA

Kathryn W. Landry
Baton Rouge, LA

Gwendolyn K. Brown                             Attorney for Defendant-Appellant,
Baton Rouge, LA                                Andrew Weary

* * * * *

BEFORE: WHIPPLE, C.J., McCLENDON, AND HIGGINBOTHAM, JJ.

HIGGINBOTHAM, J.

The defendant, Andrew R. Weary, was charged by bill of information with armed robbery, a violation of Louisiana Revised Statutes 14:64 (count 1), and attempted first degree murder, a violation of Louisiana Revised Statutes 14:27 and 14:30 (count 2). He pled not guilty and, following a jury trial, was found guilty as charged on both counts. Before sentencing was held, the State instituted habitual offender proceedings against the defendant. The defendant was adjudicated a second-felony habitual offender based upon his armed robbery conviction and a 1991 felony conviction. The district court sentenced the defendant to seventy-five years at hard labor without the benefit of parole.

The defendant appealed. This Court affirmed the defendant's armed robbery conviction, habitual offender adjudication, and sentence. However, because the district court failed to sentence the defendant on his conviction for attempted first degree murder, the matter was remanded for resentencing on that count. See State v. Weary, 2001-2286 (La. App. 1st Cir. 5/10/02), 826 So.2d 654 (unpublished), writ denied, 2002-1925 (La. 6/20/03), 847 So.2d 1228. On remand, the district court sentenced the defendant to twenty-five years at hard labor for his conviction for attempted first degree murder. The defendant appealed, and this Court affirmed his conviction and sentence for attempted first degree murder. See State v. Weary, 2005-2042 (La. App. 1st Cir. 5/5/06), 930 So.2d 1240 (unpublished), writ denied, 2006-1799 (La. 2/2/07), 948 So.2d 1076.

The defendant subsequently submitted an application for post-conviction relief to the district court, but was denied relief. He sought review of that denial in this Court, which denied his application due to his failure to attach documents necessary for review. See State v. Weary, 2008-1822 (La. App. 1st Cir. 12/19/08) (unpublished). The defendant then sought review with the Louisiana Supreme Court. While the defendant's application with the Louisiana Supreme

2

Court was pending, he submitted another writ application to this Court, which was denied. See State v. Weary, 2009-0328 (La. App. 1st Cir. 6/8/09) (unpublished). On January 22, 2010, the Louisiana Supreme Court denied the defendant's writ application seeking review of this Court's December 19, 2008 denial. See State ex rel. Weary v. State, 2009-0277 (La. 1/22/10), 25 So.3d 138.

The defendant then filed a petition for federal habeas corpus relief alleging, among other things, that he was exposed to double jeopardy. The federal court held that the defendant's convictions on both counts 1 and 2 violated double jeopardy, and the proper remedy for the double jeopardy violation was to grant the defendant's writ of habeas corpus only as to the double jeopardy claim unless the state court, within ninety days: (1) vacated the sentences imposed for the armed robbery and attempted first degree murder convictions; (2) vacated the conviction for one of the offenses; and (3) resentenced the defendant on the remaining offense. See Weary v. Cain, 2012 WL 601862, (E.D.La. 2012) (unpublished).

The state district court held proceedings on May 23, 2012, to comply with the federal court's order. The State dismissed count 2 (the defendant's attempted first degree murder charge), the district court vacated the sentences previously imposed, and the defendant was resentenced as a second-felony habitual offender to seventy-five years without the benefit of parole.

The defendant filed a motion in federal court to reopen his civil action on the basis that the state district court did not follow the directive of the federal court in that it did not vacate either of his convictions and that the proceedings were held outside of the time period dictated by the federal court. The federal court noted that the transcript of the state district court proceedings from May 23, 2012, revealed that the district court did not vacate the conviction for one of the defendant's offenses; rather, the State chose to nol pros the attempted first degree

3

murder count. The federal court found that this action was error and allowed the state district court additional time to remedy the error. See **Weary v. Cain**, 2013 WL 4499021, (E.D.La. 2013), affirmed by, 587 Fed.Appx. 797 (5th Cir. 2014).

Pursuant to the federal court's directive, a hearing was held on September 16, 2013, wherein the state district court clarified its sentence. The district court vacated any prior sentence and conviction as to the defendant's attempted first degree murder conviction. The court also vacated any prior sentence as to the defendant's armed robbery conviction and resentenced him to serve seventy-five years at hard labor without the benefit of probation, parole, or suspension of sentence.

The defendant now appeals. For the following reasons, we affirm the defendant's sentence on his armed robbery conviction, and we grant defense counsel's motion to withdraw.

## FACTS

The facts surrounding the defendant's offense are derived from the record, as revealed in our original opinion, and are as follows. On April 5, 2000, Luther Lee Harris, a seventy-nine year old Bogalusa resident and the victim in this matter, received a telephone call from the defendant, a neighbor he had known for several years. The defendant indicated that he would come to Harris's home and repay him money he had borrowed. When Harris opened the door, the defendant struck him with a tire iron and continued to hit him several times in the head. While trying to protect himself, the tip of one of Harris's fingers was severed. Finally, Harris fell to the floor, and the defendant went into the bedroom for a few minutes. After the defendant left, Harris was able to contact the police. The police discovered a large amount of blood in the living room and kitchen. Fearing that he would not live, the police contacted emergency medical services, and Harris was rushed to the hospital. Harris was able to tell police the name of his attacker.

4

Harris's relatives later discovered that his wallet, which had contained seven dollars in cash, was empty. Relatives were also unable to find cash that Harris hid under his mattress after he cashed his Social Security check. The defendant was subsequently arrested in Lake Charles. See Weary, 2001-2286 at p. 2.

## DISCUSSION

Defense counsel has filed a brief containing no assignments of error and a motion to withdraw from this case. In her brief and motion to withdraw, referring to the procedures outlined in **Anders v. California**, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967) and **State v. Jyles**, 96-2669 (La. 12/12/97), 704 So.2d 241, 241-42 (per curiam), defense counsel indicated that after a conscientious and thorough review of the district court record, she could find no non-frivolous issues to raise on appeal. See also **State v. Mouton**, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam); **State v. Benjamin**, 573 So.2d 528 (La. App. 4th Cir. 1990).

The **Anders** procedure followed in Louisiana was discussed in **Benjamin**, 573 So.2d at 529-31, sanctioned by the Louisiana Supreme Court in **Mouton**, 653 So.2d at 1177, and expanded by the Louisiana Supreme Court in **Jyles**. According to **Anders**, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with **Jyles**, appellate counsel must not only review the procedural history of the case and the evidence, but his brief also must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." **Jyles**, 704 So.2d at 242 (quoting **Mouton**, 653 So.2d at 1177). When conducting a review for compliance with **Anders**, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.

5

Herein, the brief filed on behalf of the defendant by defense counsel complied with all of the requirements necessary to an **Anders** brief. Defense counsel reviewed the procedural history and record of the case. Defense counsel concluded in her brief and motion to withdraw that there were no non-frivolous issues for appeal. Further, in her motion to withdraw, defense counsel certified that defendant was served with a copy of her motion to withdraw as counsel of record, and was notified of his right to file a pro se brief. The defendant has filed a pro se brief raising four assignments of error.

## PRO SE ASSIGNMENT OF ERROR NUMBER ONE

In his first pro se assignment of error, the defendant argues that he was denied effective assistance of counsel. Specifically, he contends that his appellate counsel did not appeal the sentence imposed on September 16, 2013.[1]

A claim of ineffective assistance of counsel is more properly raised by an application for postconviction relief in the district court, where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. **State v. Carter,** 96-0337 (La. App. 1st Cir. 11/8/96), 684 So.2d 432, 438.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is

---

[1] In his pro se brief, the defendant complains about his September 13, 2013 "resentencing." However, our review of the minutes reveals that hearing was actually held on September 16, 2013.

6

reliable." **Strickland v. Washington**, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. **Strickland**, 466 U.S. at 694, 104 S.Ct. at 2068; **State v. Felder**, 2000-2887 (La. App. 1st Cir. 9/28/01), 809 So.2d 360, 369-70, writ denied, 2001-3027 (La. 10/25/02), 827 So.2d 1173. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. **State v. Serigny**, 610 So.2d 857, 860 (La. App. 1st Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).

In her brief, appellate counsel discusses the defendant's most recent sentencing hearing, which was held on May 23, 2012. At that hearing, the State dismissed count two on the defendant's bill of information (attempted first degree murder), and the court vacated all prior sentences and resentenced the defendant on count one (armed robbery) as a second-felony habitual offender. Counsel points out that although the court failed to "follow with precision the directive of the federal court," by failing to vacate one of the defendant's convictions and sentences itself, she found no support for advancing a non-frivolous claim of error. Appellate counsel failed to note that the sentence imposed on May 23, 2012, was clarified on September 16, 2013. That day, the district court vacated any prior sentence and conviction as to attempted first degree murder, vacated its prior sentence as to armed robbery, and resentenced the defendant to a term of seventy-five years at hard labor without the benefit of probation, parole, or suspension of sentence. The clarification made in September remedied the issue defense counsel noted in her appellate brief. No substantive changes were made to the sentence that was imposed on May 23, 2012. Thus, the sentence on which appellate counsel relied in preparing her brief is the same as that imposed at the

7

clarification hearing. Therefore, the defendant was not prejudiced by the alleged deficient performance. Accordingly, he has failed to make the required showing of sufficient prejudice and, as such, his claim of ineffective assistance of counsel is without merit.

### PRO SE ASSIGNMENT OR ERROR NUMBER TWO

In his second pro se assignment of error, the defendant contends that the sentence imposed on September 16, 2013,[2] was in violation of his right to counsel. Specifically, he complains that he did not have the same counsel at the May 2012 and September 2013 hearings. He also argues that his counsel at the September 2013 hearing was not his trial counsel, did not consult with him, and had no knowledge of the facts of the case.

The United States and Louisiana Constitutions guarantee the *assistance* of counsel, not merely the *presence* of counsel. See U.S. Const. amend. VI; La. Const. art. I, § 13; see also **United States v. Cronic**, 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed.2d 657 (1984). An accused has the right to the assistance of counsel at every stage of criminal proceedings, including sentencing, unless this right is intelligently waived. See U.S. Const. amend. VI; La. Const. art. I, § 13; **McConnell v. Rhay**, 393 U.S. 2, 3-4, 89 S.Ct. 32, 33-34, 21 L.Ed.2d 2 (1968) (per curiam); **State v. White**, 325 So.2d 584, 585 (La. 1976). There are some circumstances in which, although counsel is present, "'the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided.'" **Cronic**, 466 U.S. at 654 n.11, 104 S.Ct. at 2044 n.11. Actual or constructive denial of assistance of counsel is presumed as a matter of law to have resulted in prejudice. See **Strickland**, 466 U.S. at 692, 104 S.Ct. at 2067. A sentence

---

[2] As noted above, although the defendant complains about his September 13, 2013 "resentencing," our review of the minutes reveals that hearing was actually held on September 16, 2013.

imposed in the absence of counsel is invalid and must be set aside. See **State v. Austin**, 255 La. 108, 114-15, 229 So.2d 717, 719 (1969).

Citing **Cronic**, the defendant argues that he was constructively denied his right to counsel because he was unaware of the presence of counsel at his September hearing, counsel did not confer with him, and counsel made no attempt to represent his interests. The defendant quotes statements he claims were made by counsel at the September hearing and notes that counsel participated in a sidebar discussion prior to taking a seat in the courtroom. Thus, it appears that the defendant was aware of his counsel's presence. It also appears that defense counsel did attempt to represent the defendant's interests, as the minute entry states that the defense requested a continuance, which was denied. Moreover, our review of the record reveals that the September hearing was held simply to give the district court an opportunity to formally vacate the defendant's conviction and sentence for attempted first degree murder pursuant to the federal court's directive. The sentence imposed at the May hearing was not altered. According to the minute entry, the defendant appeared not for resentencing, but for "Clarification of Sentence." Thus, the defendant has failed to establish constructive denial of counsel or that he suffered any prejudice by having different counsel at his May and September hearings. See La. Code Crim. P. art. 921.

### PRO SE ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, the defendant argues that the sentence imposed by the district court is excessive. Specifically, the defendant argues that because the "multiple offender adjudication is gone[,] the need for a sentencing enhancement [is] removed." Thus, he argues that he should not have been resentenced pursuant to the habitual offender statutes. Contrary to the defendant's assertion, his habitual offender adjudication, which was affirmed by this court, was not abrogated by the district court. Therefore, he was exposed to an enhanced

9

sentence as a second-felony habitual offender and was sentenced under the appropriate statutes.

The defendant also argues that his sentence should have been for at term of sixty-one years and ten months to reflect the time that he served prior to the resentencing hearing. The record reveals that the defendant was given credit for any time served subsequent to his arrest.

Finally, the defendant claims that pursuant to **State ex rel. Adams v. Butler**, 558 So.2d 552 (La. 1990), his conviction and sentence for armed robbery, rather than attempted first degree murder, should have been dismissed.

The defendant's reliance on **Butler** is misplaced. In **Butler**, the defendant was charged in separate bills of information with armed robbery and attempted first degree murder. He entered into a plea bargain wherein the State agreed that the maximum sentence for his offense of armed robbery was fifteen years without the benefit of probation, parole, or suspension of sentence. He pled guilty to both charges and was sentenced to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence for his armed robbery conviction and to thirty years at hard labor for the attempted first degree murder conviction. He filed an application for post-conviction relief arguing that the convictions were in violation of the double jeopardy clause of the federal and state constitutions. He was denied relief with the district court, but the court of appeal found a double jeopardy violation, summarily vacated the conviction and sentence of the less severely punishable offense of attempted first degree murder, and affirmed the conviction and sentence of the more severely punishable offense of armed robbery. The Louisiana Supreme Court granted the State's application to review the correctness of that decision and found that although the general rule would require the court to vacate the conviction and sentence for the less severely punishable offense and to affirm the conviction for the more severely punishable

10

offense and remand for resentencing, the defendant's plea bargain agreement prevented the district court from imposing a sentence more severe than the original fifteen-year sentence. See **Butler**, 558 So.2d at 552-554.

When restructuring the sentence under the general rule is not feasible, courts should affirm the conviction with the more severe actual sentence, even though it may require vacating the conviction for the more severely punishable offense. Because restructuring the sentence under the general rule was not feasible, the Louisiana Supreme Court affirmed the defendant's conviction and sentence for the attempted first degree murder (with the most severe actual sentence of thirty years) and vacated the defendant's conviction and sentence for armed robbery (with the less severe actual sentence of fifteen years). See **Butler**, 558 So.2d at 554-55.

The exception applied by the Court in **Butler** is inapplicable in the instant case, and the district court properly applied the general rule by vacating the defendant's conviction and sentence for attempted first degree murder. This assignment of error is without merit.

### PRO SE ASSIGNMENT OF ERROR NUMBER FOUR

The defendant again requests an out-of-time appeal in his fourth pro se assignment of error. He requests the appeal in order to "perfect [his] assignments of error" and argues that he is without counsel. However, a timely counseled brief was filed on the defendant's behalf with this court in December 2014. Moreover, his pro se assignments of error have been addressed herein. Therefore, this assignment of error is without merit.

### REVIEW FOR ERROR

In the conclusion of his pro se brief, the defendant requests that this Court examine the record for error under Louisiana Code of Criminal Procedure article 920(2). This Court has conducted an independent review of the entire record in

this matter, including a review for error under Article 920(2). We have found no reversible errors in this case. See **State v. Price**, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. Furthermore, our review revealed no non-frivolous issues or district court rulings that arguably support this appeal. Accordingly, the defendant's sentence is affirmed. Further, defense counsel's motion to withdraw is granted.

**SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

Applications for Post conviction Relief

22nd J.D.C.  Louisiana

First Circuit Court of Appeals

Supreme Court of Louisiana

EXHIBIT 3

COURT RULES

APPENDIX C. SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

No._____

TO BE COMPLETED BY COUNSEL
or PRO SE LITIGANT FILING APPLICATION

TITLE

_ANDREW WEARY_____

VS.

_STATE OF LOUISIANA___

Applicant: _____
Have there been any other filings in this
Court in this matter?   ☒ Yes  ☐ No

Are you seeking a Stay Order? _NO__
Priority Treatment? _NO_____
If so you MUST complete & attach a
Priority Form

LEAD COUNSEL PRO SE LITIGANT INFORMATION

APPLICANT: _PRO SE_____
Name: _ANDREW WEARY_____
Address: _GENERAL DELIVERY___
_Angola, LA  70712_____
Phone: _____ Bar Roll No._____
Pleading being filed: ☐ In Proper Person,

RESPONDANT: _____
Name: _DARREL VANNOY_____
Address: _Louisiana State Penitentiary_
_Angola, LA  70712_____
Phone: _____ Bar Roll No._____
☒ In Forma Pauperis

Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they
represent.

TYPE OF PLEADING

☐ Civil,  ☒ Criminal,  ☐ Bar,  ☐ Civil Juvenile,  ☐ Criminal Juvenile,  ☐ Other

ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court: _22nd Judicial District Court_  Docket No. _00 CRS·79804_
Judge/Commissioner/Hearing Officer: _____ Ruling Date: _____

DISTRICT COURT INFORMATION

Parish and Judicial District Court: _Washington  22nd J.D.C._   Docket No. _00 CRS 79804_
Judge and Section: _Director/Guidry; Sept 13 2013 A Hand_ Date of Ruling/Judgement: _RESENTENCING 9·13·13_

APPELLATE COURT INFORMATION

Circuit: _First Circuit Louisiana_ Filing Date: _____ Docket No. _2016·KW·0981_
Applicant in Appellate Court: _____
Ruling Date: _9·22·16_ Panel of Judges: _McClendon, J., VGW, J.M.G_____ En Banc: ☐

REHEARING INFORMATION

Applicant: _NONE REQUESTED____ Date Filed: _____ Action on Rehearing: _____
Ruling Date: _____ Panel of Judges: _____ En Banc: ☐

PRESENT STATUS

☐ Pre-Trial, Hearing/Trial Scheduled Date: _____ , ☐ Trial in Progress, ☒ Post Trial
Is there a stay now in effect? _No_ Has this pleading been filed simultaneously in any other court? _No_
If so, explain briefly _____

VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct to the
best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X, are
attached to this filing. I further certify that a copy of this application has been mailed or delivered to the appropriate
court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other counsel and
unrepresented parties.

_Andrew Weary_____
SIGNATURE

IN THE
FIRST CIRCUIT COURT OF APPEAL
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

No. 00 CRS 79804

ANDREW WEARY, PETITIONER.

VERSUS

DARREL VANNOY, WARDEN
LOUISIANA STATE PENITENTIARY

---

APPLICATION FOR SUPERVISORY WRITS OF REVIEW
UPON PETITIONERS REQUEST FOR DENIAL OF THE
APPLICATION FOR POST CONVICTION RELIEF. PETITIONER
SEEKS ONLY TO EXHAUST STATE REMEDIES AND
PROCEED TO THE UNITED STATES EASTERN DISTRICT
COURT OF LOUISIANA.

---

MEMORANDUM OF LAW IN SUPPORT OF WRIT OF
REVIEW FOR AN APPLICATION FOR POST CONVICTION RELIEF.

PRO·SE
ANDREW WEARY 100956
LOUISIANA STATE PENITENTIARY
WALNUT·1
ANGOLA, LA. 70712

1.

In THE
First Circuit Court of Appeal
Parish of East Baton Rouge
State of Louisiana

ANDREW WEARY 100956                         No: _____

US. No AA CRS 79804                         Date Filed: _____

DARRYL VANNOY                               S/ _____

Memorandum in support of Writ of Review to
Application for Post Conviction Relief.

Now Into Courts, comes Andrew Weary, in Proper
Person, Pro-Se. Petitioner in the above Entitled and
enumerated case, who respectfully moves this Honorable
First circuit court of Appeal State of Louisiana to
deny said Application for Post Conviction Relief and
consider the exhaustion element so that Petitioner can
Proceed to the federal Court litigating the claims of
his Direct appeal. As the case at bar is from the
Resentencing of Petitioner due to the conditional Writ
of Habeas Corpus 2/22/13 and subsequent Resentencing
order of 8/19/13 of which Petitioner was sentenced without
benefit of Counsel.

To expedite the matter on of foster harm is the
Request of this Petitioner, that this Application be denied
and considered exhausted.

Andrew Weary
La. State Pen.
Walnut 1
Angola, La. 70427

2.

Conclusion and Prayer

Wherefore Petitioner Respectfully prays that for the reasons argued herein, that this Honorable Court will deny him Post Conviction Relief.

Respectfully Submitted this 3rd day of July 2016

Andrew Weary
LA STATE PEN. PRO-SE
GENERAL DELIVERY

Certificate of Service

I Andrew Weary 100356, hereby certify that I have served a true copy of the above foregoing upon the District Attorney, Parish of Washington, on behalf of the Respondent herein, and the Attorney General, State of Louisiana, by Placing same in the institutions legal mail station for deposit in the united states mail, Properly addressed with first class postage pre-paid this 3rd day of July 2016.

Andrew Weary

Verification

I Andrew Weary 100356, after first being duly sworn hereby verify that the facts and arguments of law herein are true and correct to the best of my knowledge and belief, under Penalty of Perjury.

Andrew Weary

Sworn To and subscribed before me, the undersigned institutional officer, this ___ day of _____, 2016.

Ex-officio Notary

3.

APPENDIX "A"

UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

_Andrew Werry_                                   No. _00 CR5 79804_
NAME OF PETITIONER                                   (To be filled in by the clerk)
_11956_                                          _22nd_ JUDICIAL DISTRICT
PRISON NUMBER
                                                 IN THE PARISH OF _Washington_
                                                 STATE OF LOUISIANA

VS.

_Darrel Vannoy_                                  __L.A. State Penitentiary__
CUSTODIAN (Warden, Superintendant,                   Place of Confinement
Jailor, or authorized person having custody
of applicant)

Please Serve CUSTODIAN and _Warren Montgomery_ , DISTRICT ATTORNEY,
_22nd_ JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS — READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation for the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

### PETITION

1.  Name and location of court which entered the judgment of conviction challenged:
    _Twenty Second Judicial District Court_
    _Franklinton, Louisiana 70438 Washington Parish_

2.  Date of judgment of conviction: _December 6, 2000_

3.  Length of sentence: _75 Years resentence 9-13-2013_

4.  Nature of offense involved (all counts) _Armed Robbery R.S. 14:64_
    _Attempted First Degree Murder/inmchted R.S. 14:27 & 14:30_

1

5. What was your plea? (check one)
    (a)   Not guilty ( ✓ )
    (b)   Guilty   ( )
    (c)   Not guilty and not guilty by reason of insanity ( )
    If you entered a guilty plea to one or more counts and not guilty to other counts, give details:_____

    (d)   Name and address of the lawyer representing you at your plea (if you had no lawyer please indicate): _NONE  AVAILABLE_

    (e)   Was the lawyer appointed ( ) or hired ( )? (check one)

6. Kind of trial: (check one)
    (a)   Jury ( ✗ )
    (b)   Judge only ( )

7. (a).   Name and address of lawyer representing you at trial: _John McGuckin_
        _905 Pearl st. Franklinton La. 70438_
   (b).   Was the lawyer appointed ( ✗ ) or hired ( )? (check one)

8. Did you testify at trial? Yes ( ✗ )  No ( )

9. (a)   Give the name and address of the lawyer who represented you at sentencing for the conviction being attacked herein: _RESENTENCING  9/13/2013  NONE._
    _Available_
   (b)   Was the lawyer appointed ( ) or hired ( )? (check one)

10. Did you appeal from the judgment of conviction? Yes ( ✗ )  No ( )

11. If you did appeal, give the following information:
    (a)   Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal (if known) _COURT OF APPEAL  FIRST CIRCUIT (LA.)  NO. 2014 KA 1706_
        _SUPREME COURT, LA.  NO. 2015 KO 1030_
    (b)   Name and address of lawyer representing you on appeal: _Gwendolyn Brown La._
        _APPELLATE PROJECT,   PROSE_

    (c)   Was the lawyer appointed ( ✗ ) or hired ( )? (check one)

12. Other than direct appeal from the judgment of conviction and sentence, have you previously filed any application for post-conviction relief with respect to this judgment in any state or federal court.
    Yes ( )  No ( ).

13. If your answer to 12 is "yes", give the following information:
(a)   (1)   Name of court _U.S.-D.C.  E.D.   U.S. C.A.   5th Cir.  U.S. Supreme Court_
       (2)   Nature of proceeding _Habeas Corpus   Co t.        Petition for Certiorari_

       (3)   Claims raised: _Ineffective Assistance of Counsel_
           _Constructive Denial of Counsel_
           _Insufficient Evidence To Convict for Armed Robbery_
           _Double Jeopardy_

       (4)   Did you receive an evidentiary hearing on your application? Yes ( )  No ( ✗ )
       (5)   Was relief Granted or denied? _GRANTED_
       (6)   Date of disposition: _February 23, 2012        August 19, 2013_
       (7)   Citation of opinion (if known) _U.S. D.C. Civil Action No. 10-0793_
       (8)   Name and address of lawyer representing you: (if none, so state) _PRO-SE_

       (9)   Was the lawyer appointed ( ) or hired ( )? (check one) _NONE AVAILABLE_

2

**CLAIM III**
Claim:_____

_____

(a)    Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)    List names and addresses of witnesses who could testify in support of your claim.  If you cannot do
so explain why: _____

_____

_____

_____

(c)    If you failed to raise this ground in the trial court prior to conviction, on appeal, or in a prior application,
explain why: _____

_____

_____

_____

_____

*You may attach additional pages setting forth the required information (above) if additional claims are
asserted.*

A.    Do you have in a state or federal court any petition or appeal now pending as to the judgment
challenged?  Yes ( ) No (X).  If "yes", name the court. _____

B.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment
challenged? Yes ( )  No (X)
       (1)    If so, give name and location of court which imposed sentence to be served in the future:
              _____
       (2)    Give date and length of sentence to be served in the future: _____
       (3)    Have you filed, or do you contemplate filing, any petition attacking the judgment which
              imposed the sentence to be served in the future?  Yes ( ) No ( ).
C.    If a copy of the court order sentencing you to custody is not attached, explain why._____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.

_____
Signature of Petitioner

| 3 | 6 | 2016 |
|---|---|---|
| Day/ | Month | /Year |

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

0.05 in RESERVE ACCOUNT

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

Signature of Petitioner

## *AFFIDAVIT*

STATE OF LOUISIANA

PARISH OF WEST Feliciana

I, AUDREW WEARY, being first duly sworn says that he has read the
(Name of Petitioner)

foregoing application for post-conviction relief and swears or affirms that all of the information therein is true and correct. He further swears or affirms that he is unable to employ counsel because he has no assets or funds which could be used to hire an attorney except as listed above.

Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this **3rd** day of
**June**, 20**16**.

#137474

Notary Public or other person authorized
To administer an oath.

Order

P. C. R. Denied on Showing Made.
See July 16, 2012 Judgment with reasons.

6/13/16

A True Copy of Original
This 6-23-16
Dy. Clerk of Court

In THE
First Circuit Court of Appeal
Parish of East Baton Rouge
State of Louisiana

No 00 CR5 79804

Andrew Weary
Petitioner.

Versus

Darrell Vannoy Warden
Louisiana State Penitentiary

---

Application for Supervisory Writs of Review
upon Petitioners request for denial of the
Application for Post Conviction Relief. Petitioner
seeks only to exhaust State remedies and
Proceed to the United States Eastern District
Court of Louisiana.

---

Memorandum of law in support of writ of
Review for the Application for Post Conviction Relief

Pro-Se
Andrew Weary 100956
Louisiana State Penitentiary
Walnut. 4
Angola, La. 70712

1.

In The
First Circuit Court of Appeal
Parish of East Baton Rouge
State of Louisiana

Andrew Weary 100956
vs. No. aa cas 7980√
Darryl Vannoy

No.: _____
Date Filed: _____
sl _____

Memorandum in support of Writ of Review to
Application for Post Conviction Relief.

Now Into Courts, comes Andrew Weary, in Proper
Person, Pro se. Petitioner in the above Entitled and
enumerated case, who respectfully moves this Honorable
First Circuit Court of Appeal State of Louisiana to
deny said Application for Post Conviction Relief and
consider the Exhaustion element so that Petitioner can
Proceed to the Federal Court litigating the claims of
his Direct Appeal. As the case at bar is from the
resentencing of Petitioner due to the conditional Writ
of Habeus Corpus 2/22/12 and subsequent resentencing
order of 8/19/13 of which Petitioner was sentenced without
benefit of Counsel.

To expedite the matter as a faster forum is the
Request of this Petitioner. That this Application be denied
and considered Exhausted.

Andrew Weary
La. State Pen.
Walnut 4
Angola, La. 70457

2.

Conclusion and Prayer

Wherefore Petitioner Respectfully Prays that for the Reasons Argued herein, that this Honorable Court will deny him Post Conviction Relief.

Respectfully Submitted this 3rd day of July 2016

Andrew Weary
4 State Pen. Pro-se
General Delivery

Certificate of Service

I Andrew Weary 100756, hereby certify that I have served a true copy of the above foregoing upon the District Attorney, Parish of Washington, on behalf of the Respondent herein, and the Attorney General, state of Louisiana, by Placing same in the institutions Legal mail system for deposition in the united states mail, Proper addressed with first class postage Pre-Paid this 3rd day of July 2016.

Andrew Weary

Verification

I Andrew Weary 100756, after first being duly sworn hereby verify that the facts and arguments of law herein are true and correct to the best of my knowledge and belief under Penalty of Perjury.

Andrew Weary

Sworn to and subscribed before me, the under-signed institutional officer, this ___ day of _____, 2016.

Ex-officio Notary

3.

APPENDIX "A"

## UNIFORM APPLICATION FOR POST-CONVICTION RELIEF

_Andrew Weans_
NAME OF PETITIONER
_100956_
PRISON NUMBER

No. _____
(To be filled in by the clerk)
_22nd_ JUDICIAL DISTRICT

IN THE PARISH OF _Washington_
STATE OF LOUISIANA

VS.
_D Vannoy_
_N Burl Cain_
CUSTODIAN (Warden, Superintendant,
Jailor, or authorized person having custody
of applicant)

LA. State Penitentiary
Place of Confinement

Please Serve CUSTODIAN and _Warren Montgomery_ , DISTRICT ATTORNEY,
_22_ JUDICIAL DISTRICT, STATE OF LOUISIANA.

### INSTRUCTIONS — READ CAREFULLY

(1) This petition must be legibly written or typed, signed by the petitioner and sworn to before a notary public or institutional officer authorized to administer an oath. Any false statement of a material fact may serve as the basis for a criminal prosecution. All questions must be answered concisely in the proper space on the form. Additional pages are not permitted except with respect to the facts which you rely upon to support your claims for relief. No citation of authorities or legal arguments are necessary.

(2) Only one judgment may be challenged in a single petition except that convictions on multiple counts of a single indictment or information may be challenged in one petition.

(3) YOU MUST INCLUDE ALL CLAIMS FOR RELIEF AND ALL FACTS SUPPORTING SUCH CLAIMS IN THE PETITION.

(4) When the petition is completed, the original must be mailed to the clerk of the district court in the parish where you were convicted and sentenced.

(5) You must attach official documentation showing your sentence and the crime for which you have been convicted. You may obtain that documentation for the clerk of court of the district court of the parish where you were sentenced or from the institution where you are confined. If that documentation is not attached, you must allege that steps were taken to obtain it.

(6) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

### PETITION

1. Name and location of court which entered the judgment of conviction challenged:
   _Twenty Second Judicial District Court_
   _Franklinton, La. 70438 Washington Parish_

2. Date of judgment of conviction: _December 6, 2000_

3. Length of sentence: _75 years_

4. Nature of offense involved (all counts) _Armed Robbery 14:64_
   _Attempt First degree Murder 14:27 & 14:30_

1

5.  What was your plea? (check one)
    (a)  Not guilty ( ✓ )
    (b)  Guilty  ( )
    (c)  Not guilty and not guilty by reason of insanity  ( )
    If you entered a guilty plea to one or more counts and not guilty to other counts, give details:_____
    _____
    _____
    _____

    (d)  Name and address of the lawyer representing you at your plea (if you had no lawyer please
         indicate):  John McGuckin                    N/A
    (e)  Was the lawyer appointed ( ✓ or hired ( )? (check one)

6.  Kind of trial: (check one)
    (a)  Jury ( ✓ )
    (b)  Judge only ( )

7.  (a).  Name and address of lawyer representing you at trial:  John McGuckin
          905 PEARL STREET FRANKLINTON LA. 70438
    (b).  Was the lawyer appointed ( ✓ or hired ( )? (check one)

8.  Did you testify at trial? Yes ( ✓ No ( )

9.  (a)  Give the name and address of the lawyer who represented you at sentencing for the conviction
         being attacked herein:  John McGuckin  AlONE / AVAILABLE
         9/13/2013
    (b)  Was the lawyer appointed ( ) or hired ( )? (check one)

10. Did you appeal from the judgment of conviction? Yes ( ✓ No( )

11. If you did appeal, give the following information:
    (a)  Citation, docket number, and date of written opinion by the Supreme Court or Court of Appeal
         (if known) COURT OF APPEAL  NO. 2014 KA 1706
         LA. SUPREME COURT  NO. 2015 KO 1030
    (b)  Name and address of lawyer representing you on appeal:  Gwendolyn Brown
         LA. APPELLATE Project
    (c)  Was the lawyer appointed ( ✓ or hired ( )? (check one)

12. Other than direct appeal from the judgment of conviction and sentence, have you previously filed any
    application for post-conviction relief with respect to this judgment in any state or federal court.
    Yes ( ✓ No ( ).

13. If your answer to 12 is "yes", give the following information:
(a) (1)  Name of court U.S.D.C. E.D.   U.S.C.A. 5th Circuit U.S Sup. CT
    (2)  Nature of proceeding Habeas Corpus  C.O.A. Pet. for Cert.

    (3)  Claims raised: Ineffective Assistance of Counsel Constructive
         denial of Counsel, insufficient evidence to
         convict for armed robbery, double jeopardy
         _____

    (4)  Did you receive an evidentiary hearing on your application? Yes ( · )   No ( ✓ )
    (5)  Was relief Granted or denied? GRANTED
    (6)  Date of disposition: February 23, 2012  August 19, 2013
    (7)  Citation of opinion (if known) U.S.D.C. Civil Action No. 10-1793
    (8)  Name and address of lawyer representing you: (if none, so state)  AloNE
         PRO·SE

    (9)  Was the lawyer appointed ( ) or hired ( )? (check one) N/A

(b) As to any second application give same information

    (1)    Name of court _____

    (2)    Nature of proceeding _____

    (3)    Claims raised: _____

    (4)    Did you receive an evidentiary hearing on your application? Yes ( )   No ( )

    (5)    Was relief Granted or denied? _____

    (6)    Date of disposition: _____

    (7)    Citation of opinion (if known) _____

    (8)    Name and address of lawyer representing you: (if none, so state) _____

    (9)    Was the lawyer appointed ( ) or hired ( )? (check one)

(c)    Have you filed any other applications for post- conviction relief with respect to the challenged conviction? Yes ( )   No (✓)
If "yes", set forth the details (as above) on separate paper and attach.

(d)    Did you appeal or seek writs of review from the denial of any post-conviction application?

    (1)    First petition, etc. Yes ( ) No ( ).

    (2)    Second Petition, etc. Yes (✓) No ▨.

(e)    If you did not appeal or seek writs from the denial of any post-conviction application, explain briefly why you did not: _This is a SECOND PETITION from SECOND RESENTENCING AFTER GRANT of HABEAS CORPUS' RESENTENCING OF UNCONSTITU Tional double jeopardy_

(f)    Name of the lawyer who represented you on appeal from the denial of any post-conviction application (if none, so state):

    (1)    First petition _____

    (2)    Second petition _____

(e)    1ST RESENTENCING MAY 23, 2012
    2nd RESENTENCING SEPTEMBER, 13, 2013

## CLAIMS FOR RELIEF

State concisely facts supporting your claim that you are being held unlawfully. If necessary, you may attach extra pages stating additional claims and supporting facts. Do not argue points of law.

The following is a list of those claims, and only those claims, that may provide you with grounds for relief:

(1) You conviction was obtained in violation of the constitution of the United States or the State of Louisiana;

(2) The court exceeded its jurisdiction;

(3) Your conviction or sentence subjected you to double jeopardy;

(4) The limitations on prosecution had expired;

(5) The statute creating the offense for which you were convicted and sentenced is unconstitutional;

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the State of Louisiana.

A REMINDER: THE ABOVE LIST CONTAINS ONLY THOSE CLAIMS THAT YOU MAY RAISE FOR RELIEF. YOU MUST SET FORTH ALL OF YOUR COMPLAINTS ABOUT YOUR CONVICTION IN THIS APPLICATION. YOU MAY BE BARRED FORM PRESENTING ADDITIONAL CLAIMS AT A LATER DATE. Remember that you must state the FACTS upon which your complaints about your conviction are based. MERE CONCLUSORY ALLEGATIONS WILL NOT SUFFICE.

## REPETITIVE APPLICATIONS

The above claims may not provide grounds for relief if any of the following applies to you:

(1) Unless required in the interest of justice, any claim for relief which you fully litigated in an appeal shall not be considered.

(2) Any claim of which you had knowledge and inexcusably failed to raise in the proceeding leading to conviction may be denied by the court.

(3) Any claim which you raised in the trial court and inexcusably failed to pursue on appeal may be denied by the court.

(4) A successive application may be dismissed if it fails to raise a new or different claim.

(5) A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

This application will provide space for you to explain the reasons why you failed to raise your claims in the proceedings leading to conviction, or failed to urge the claim on appeal, or failed to include the claim in a prior application.

4

**CLAIM I**

Claim:_____

_____

(a)   Supporting FACTS (tell your story briefly without citing cases or law):

THE PETITIONER AFTER BEING GRANTED HABEAS CORPUS AND
A SECOND RESENTENCING HEARING ASSIGNED ERRORS ON DIRECT
APPEAL of SECOND RESENTENCING (2014·KA·1706) LA. APP. CT. 1ST
CIRCUIT DENIED; PETITION FOR REVIEW (2015·KO·1030; 4·8·16) LA. SUP.
CT. DENIED

THE PETITIONER REQUESTS Exhaustion of APPEALS
And Assigns NO ERRORS

(b)   List names and addresses of witnesses who could testify in support of your claim.  If you cannot do
so explain why:_____

_____

(c)   If you failed to raise this ground in the trial court prior to conviction, on appeal, or in a prior application,
explain why:_____

_____

**CLAIM II**

Claim:_____

(a)   Supporting FACTS (tell your story briefly without citing cases or law):

_____

(b)   List names and addresses of witnesses who could testify in support of your claim.  If you cannot do
so explain why:_____

(c)   If you failed to raise this ground in the trial court prior to conviction, on appeal, or in a prior application,
explain why:_____

**CLAIM III**
Claim:_____

_____

(a)   Supporting FACTS (tell your story briefly without citing cases or law):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b)   List names and addresses of witnesses who could testify in support of your claim.  If you cannot do
so explain why: _____
_____
_____
_____

(c)   If you failed to raise this ground in the trial court prior to conviction, on appeal, or in a prior application,
explain why: _____
_____
_____
_____
_____

*You may attach additional pages setting forth the required information (above) if additional claims are
asserted.*

A.   Do you have in a state or federal court any petition or appeal now pending as to the judgment
challenged?  Yes ( ) No (X).  If "yes", name the court. _____
_____

B.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment
challenged? Yes ( )  No (X)
      (1)   If so, give name and location of court which imposed sentence to be served in the future:
_____
      (2)   Give date and length of sentence to be served in the future: _____
      (3)   Have you filed, or do you contemplate filing, any petition attacking the judgment which
imposed the sentence to be served in the future? Yes ( ) No ( ).
C.   If a copy of the court order sentencing you to custody is not attached, explain why._____
_____
_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled.


_____
Signature of Petitioner


  6       6      16
Day/    Month   /Year

6

## APPLICATION FOR APPOINTMENT OF COUNSEL

I am unable to employ counsel to represent me in this matter because I have no assets or funds except:

_O.O5  IN RESERVE ACCOUNT_

(Write "None" above if you have nothing; otherwise, list your assets including funds in prison accounts.)

_Andrew Weary_
Signature of Petitioner

*AFFIDAVIT*

STATE OF LOUISIANA

PARISH OF _WEST Feleciana_

I, _ANDREW WEARY_, being first duly sworn says that he has read the
(Name of Petitioner)
foregoing application for post-conviction relief and swears or affirms that all of the information
therein is true and correct. He further swears or affirms that he is unable to employ counsel
because he has no assets or funds which could be used to hire an attorney except as listed
above.

_____
Signature of Petitioner

SWORN   TO   AND   SUBSCRIBED   before   me   this   _____   day   of
_____, 20_____.

_____
Notary Public or other person authorized
To administer an oath.

7

Supreme Court of Louisiana

1. Petitioner's Writ Application on Certiorari

2. Petitioner's Writ for Direct Appeal
First Circuit Court of Appeal Louisiana

Exhibit 4

SUPREME COURT OF LOUISIANA
WRIT APPLICATION FILING SHEET

NO._____

TO BE COMPLETED BY COUNSEL or PRO SE LITIGANT FILING APPLICATION

TITLE _Andrew Weary_____

_____
VS.
_STATE OF Louisiana_

Applicant:_____
Have there been any other filings in this
Court in this matter? ☑ Yes   ☐ No

Are you seeking a Stay Order?_____
Priority Treatment?_____
If so you MUST complete & attach a Priority Form

## LEAD COUNSEL/PRO SE LITIGANT INFORMATION

APPLICANT:

Name:_____

Address:_____

_____

PhoneNo._____ Bar Roll No._____

RESPONDENT:

Name:_____

Address:_____

_____

PhoneNo._____ Bar Roll No._____

Pleading being filed: ☐ In proper person,   ☑ In Forma Pauperis
Attach a list of additional counsel/pro se litigants, their addresses, phone numbers and the parties they represent.

### TYPE OF PLEADING

☐ Civil,   ☑ Criminal,   ☐ Bar,   ☐ Civil Juvenile,   ☐ Criminal Juvenile,   ☐ Other

☐ CINC,   ☐ Termination,   ☐ Surrender,   ☐ Adoption,   ☐ Child Custody

### ADMINISTRATIVE OR MUNICIPAL COURT INFORMATION

Tribunal/Court:_____ Docket No._____

Judge/Commissioner/Hearing Officer:_____ Ruling Date:_____

### DISTRICT COURT INFORMATION

Parish and Judicial District Court: _22nd Judicial District Court_ Docket Number: _CR CRS 79504_

Judge and Section: _August Hand_ Date of Ruling/Judgment: _SEPTEMBER 13, 2013_

### APPELLATE COURT INFORMATION

Circuit: _First_ Docket No. _2014 KA 1706_ Action: _Denied / Affirmed_

Applicant in Appellate Court: _Whittle, C.J., 1 Pettigrew, C Higginbotham, J.J._ Filing Date: _Not Available_

Ruling Date: _APRIL 24, 2015_ Panel of Judges:_____ En Banc: ☐

### REHEARING INFORMATION

Applicant: _None Filed_____ Date Filed:_____ Action on Rehearing:_____

Ruling Date:_____ Panel of Judges:_____ En Banc: ☐

### PRESENT STATUS

☐ Pre-Trial, Hearing/Trial Scheduled date:_____, ☐ Trial in Progress, ☐ Post Trial

Is there a stay now in effect?_____ Has this pleading been filed simultaneously in any other court?_____

If so, explain briefly_____

_____

### VERIFICATION

I certify that the above information and all of the information contained in this application is true and correct
to the best of my knowledge and that all relevant pleadings and rulings, as required by Supreme Court Rule X,
are attached to this filing. I further certify that a copy of this application has been mailed or delivered to the
appropriate court of appeal (if required), to the respondent judge in the case of a remedial writ, and to all other
counsel and unrepresented parties.

_____
DATE

_Andrew Weary_
SIGNATURE

SUFILINGSH 12 98 wmf

Revised 12-9-99

– 1 –

IN THE
SUPREME COURT
STATE OF LOUISIANA

DOCKET NUMBER
_____

STATE EX REL. ANDREW WEARY
VERSUS
BURL CAIN

APPLICATION FOR A WRIT OF CERTIORARI
_____

FROM THE FIRST CIRCUIT COURT OF APPEAL
DENIAL TO GRANT RELIEF ON DIRECT APPEAL
DOCKET NUMBER  2014-KA-1706

TWENTY-SECOND JUDICIAL DISTRICT COURT
RESENTENCING OF RESENTENCING
DOCKET NUMBER  00 CRS 79804
_____

RESPECTFULLY SUBMITTED,
Andrew Weary                    PRO-SE
Louisiana State Prison
Angola, La. 70712

## STATEMENT ON RESENTENCE

Petitioner on February 33, 2013, was granted habeas corpus by the Eastern District Court of Louisiana after filing a claim of double Jeopardy and on May 33, 2012 was resentenced inappropriately thereby his sentence was contained in Sentence. Petitioner filed this claim into the Eastern District and again requested relief in that the lower state court was to take a second opportunity to remedy the constitutional violation. Thus a second or subsequent resentencing occurred on September 13th 2013 in which the Petitioner now contends that resentencing as it is in violation of the sixth amendment to the United States Constitution and Article I. 313 of the Louisiana Constitution. Warranting reversal of the September 13th 2013 resentencing and release of the Petitioner per order announced on August 19, 2013, by the United States District Court for the Eastern District of Louisiana

## PROSE ASSIGNMENT OF ERROR NUMBER ONE

Strickland v. Washington, 466 U.S. 688, 687, 104 S.Ct. 2052 2064, 80 L.Ed.2d 674 (1984) sets a two pronged test for a criminal defendant to prevail upon relief based on a claim of ineffective assistance of Counsel at point or a critical stage of the Proceedings (1) counsel's performance was deficient, (2) that the deficient performance prejudiced the the outcome of the Proceeding.

An indigent defendant who cannot afford to retain an attorney has an absolute right to have Counsel appointed by the court. Gideon v. Wainwright, 372 U.S. 335, 342 (1963). The 6th and 14th amendments require appointment of Counsel for

indigent defendant in state court. An indigent defendant has the right to appointed counsel on appeal if the appeal is granted as of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985)

Thus it is understood that the Petitioner has the right to counsel and the right to an appeal thus counsel attaches to that appeal to assist the Petitioner. Counsel has failed entirely.

After Appellate Counsel examined the record thoroughly and the criminal docket and Judgement of the United States District court, counsel would have found that Petitioner was to be sentenced in accord with North Carolina v. Pearce, 391 U.S. 711. Also according to this courts directive in State Ex. Rel. Sutton v. Butler, 558 So. 2d 552 (La. 1990) where a sentencing doesn't occurs as in this case.

According to North Carolina v. Pearce. Petitioner's sentence upon resentencing should have been reduced by the amount of time already served. State Ex. Rel. Sutton v. Butler. clearly allows for the conviction of the lesser offense to stand should the sentence exceeds the sentence for the greater offense where Petitioner's sentencing on January 25, 2001 was continued and a multiple offender hearing was had on May 9, 2001. Petitioner was then sentenced to 75 years as an habitual offender for the charge of armed robbery. Thus once the habitual offender sentence was reversed by the Federal Court, there is no actual sentence to armed robbery, and it is clear that the sentencing Judge on May 9, 2001 punished Petitioner for past behavior, however, the sentencing Judge on September 13, 2013 did not sentence Petitioner to the multiple But said Petitioner should not be sentenced to a term of 75 years and counsel throughout none of these claims nor does counsel mention a sentencing date.

On Page 10 of Appellate Counsels brief she clearly

Mentioned Petitioner was resentenced as a second felon/ habitual offender, which took place at the 1st 33, 2013 resentencing.

Further the record is completely devoid of counsel at the second (September 13 2013) resentencing and was not litigated.

The Appellate Court is in error, Appellee Counsel's brief is within the standards cited in Strickland, Cronic and Evitts. Petitioner should be allowed an out of time appeal on direct appeal with the effective assistance of counsel.

ASSIGNMENT OF ERROR No. 2

According to the United States Constitution and the Louisiana Constitution Petitioner is guaranteed the assistance of counsel, not merely the presence of counsel. U.S. Const. Amend. 6; La. Const. Art. 1 § 13. United States v. Cronic, 466 U.S. 648, 654, 104 S.Ct. 2039, 2044, 80 L.Ed. 2d 657. An accused has the right to the assistance of counsel at every stage of criminal proceedings, including sentencing, unless this right is intelligently waived. Cronic, 466 U.S. at 654 n.11. Actual or constructive denial of counsel is presumed as a matter of law to have resulted in prejudice. See Strickland, 466 U.S. at 692, 104 S.Ct. at 2067. A sentence imposed in the absence of counsel is invalid and must be set aside. See State v. Austin, 258 La. 108, 237 So.2d 711, 717 (1969).

The law here is correctly cited by the First Circuit however is misapplied by the Court. The Court used a rubber stamp to make its findings.(SEE Page 9 Judgement of Court Exhibit "K").

SEE Exhibit "B", Transcript of September 13, 2013 hearing for resentencing, Counsel for Petitioner did not sail there whatsoever. The continuance discussed is by the Petitioner. The transcript clearly shows Counsel Kevin Linder store no appearance on behalf of the Petitioner, that he participated until at a side bar discussion with the court.

The transcript reveals no waiver of Counsel, no place where Petitioner was acknowledged as counsel, at every objection there was no sustained or overruled. Petitioner was not allowed to voice reasons for objections nor exhibit case law in reference to objections.

Petitioner. as the transcript will show had no counsel at all that is Prejudiced in accord with Cronic. Strickland states the sentence must be set aside. But see Exhibit "C" Petitioner's Pro-se Brief the Appellate court for a full discussion.

Should this court reverse Petitioner request a stay order, or, his immediate release as warranted by the August 19, 2013 order and reasons of the United States District Court of Louisiana.

ASSIGNMENT OF ERROR no. 3

Contrary to the First Circuit Court of Appeal assertion on rat 9. 3001. Petitioner was sentenced to the Habitual offender statute however upon the September 13, 2013. Resentencing Petitioner was not resentenced as an habitual offender. Therefore what does the court now sell on in, sentencing the Petitioner to the same 75 year habitual offender sentence. The habitual offender sentence is for enhancement purposes if the Petitioner is not sentenced to enhancement

that there is no original sentence, then Petitioner's
sentence is excessive

A sentencing result occurs where there is no
original sentence and an enhanced sentence to a
conviction, and an original sentence, when on a reversal
of both sentences, the enhanced sentence is reversed and
the original sentence to a conviction is reversed then the
original reversed sentence stands, where there is no
original sentence. The enhanced sentence and its
enhancement procedure has been reversed and not re-
instated.

Petitioner request this Court to reverse the first
Circuit Court of Appeal denial of Supervisory Review and
grant his immediate release.

## Conclusion

Petitioner request a grant of Writ of Certiorari
reversal of his SEPTEMBER 13, 2013 RESENTENCING and
immediate release according to the mandate of the
UNITED STATES DISTRICT COURT, EASTERN DISTRICT of
LOUISIANA, AUGUST 19, 2013, HONORABLE M. BERRIGAN.

## Certification

I, Andrew Wary, do hereby certify that a copy of
the above request for a Writ of Certiorari was placed in the
institution's mailbox on the _____, 2015 by placing same in the
classification officers hands on same date to this honorable Court

Andrew Wary, Pro-se
Angola, La. 70712

IN THE
COURT OF APPEAL, FIRST CIRCUIT
STATE OF LOUISIANA

No. 2011-KA-1700

ANDREW WEARY, APPELLANT
VERSUS
STATE OF LOUISIANA, APPELLEE

CRIMINAL DOCKET No: 08 CRS 79804
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA
AUGUST HAND, JUDGE PRESIDING.

SUPPLEMENTAL BRIEF ON APPEAL ON BEHALF
ANDREW WEARY DEFENDANT-APPELLANT

ANDREW WEARY 114456
PRO-SE APPLICANT
LOUISIANA STATE PRISON
GENERAL DELIVERY
ANGOLA, LA. 70712

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | ii |
| JURISDICTION | i |
| STATEMENT OF THE CASE | 1 |
| ASSIGNMENT OF THE ERRORS | 3 |
| ISSUES PRESENTED | 3 |
| STATEMENT OF THE FACTS | 9 |
| SUMMARY OF THE ARGUMENT | . |
| ARGUMENT | . |
| CONCLUSION | 10 |
| CERTIFICATE | 10 |

## TABLE OF AUTHORITIES

STATE v. ANDREW WEARY, 836 SO. 2d 1054, 847 SO. 2d 1235     1

STATE v. ANDREW WEARY, 930 SO. 2d 1040, 948 SO. 2d 1076     1

STATE EX. REL. WEARY VS. STATE, 25 SO. 3d 138              2

WEARY v. CAIN,  CIV. A. 10-1793, 2011 WL 7116 607

CIV. A. 10-1793, WL 601863 (E.D. LA. 2-22-13)             2

STATE v. ANDREW WEARY, 13 HK 1197                         4

UNITED STATES v. CRONIC 466 US 648'                       5

PICKENS v. TAYLOR, 535 US. 162,166                        6

XSELL v. CONE, 535 U.S. 685, 697                          6

CRAKER v. MCCOTTER, 805 F.2d 538, 543 (6TH CIR. 1986)    6

UNITED STATES v. TAYLOR, 933 F. 2d 307 (5TH CIR.). 502 U.S. 883,

112 S. CT. 235, 116 L.Ed. 3d 191 (1991)                  7

AVERY v. ALABAMA, 308 U.S. 444, 446, 60 S. CT. 321, 323, 84 L.Ed.

377 (1940)                                               7

UNITED STATES v. DECOSTER, 624 F.2d 196, 319 ( D.C. CIR) CERT. DENIED,

444 U.S. 944, 100 S.CT. 302, 62 L.Ed. 2d 311 (1979).     7

STRICKLAND, 466 U.S. 686, 104 S.CT. 2063,                7

NORTH CAROLINA v. PEARCE, 391 U.S. 711 (1969)            8

NEVILLE v. BUTLER, 867 E 2d 886, ( C.A. 5TH CIR) 1989)   8

STATE EX. REL. ADAMS v. BUTLER, 558 SO. 2d 552.          8

STATE v. GARCIA, 66 SO. 3d 34 ( 5-10-11)                 9.

## STATEMENT OF JURISDICTION

This court has Jurisdiction over this Appeal Pursuant to Article 5, Section 10(A), of the Louisiana Constitution of 1974.

## STATEMENT OF THE CASE

This Appeal is brought After Remand Pursuant to a Judge Trial from the Eastern District, United States District court of Louisiana. for a violation of the United States Constitution's 5TH Amendment.

On December 6, 2000, Appellant was found guilty of Armed Robbery and Attempt First Degree Murder. On January 23, 2001 sentencing was re-set. the State chose at this time to file a Multiple offender hearing for Feb 08, 2001. At this hearing Appellant was Adjudicated a second felony offender and sentenced to a term of 75 years without Parole by Retired Judge Ethel Julien, New District.

Appellant Appealed. this court Affirmed the convictions for Armed Robbery and Attempt First degree Murder. also this court Affirmed the Multiple offender Adjudication and sentence. and Remanded the case back to the lower State court for sentencing on the Attempt First degree Murder count (R. to. 413) State v. Western, 2001 KA-2386 (La. App. 1 Cir. 5/10/02), 826 So. 2d 664 (Un-Published), Writ denied, 2002-1936 (La. 6/20/03), 847 So. 2d 1228).

Appellant, After Remand Appealed to this Court. This court found no Merit to Appellants' 1 counselled assignment of error and Appellants' 10 Assignments of error, Pro-se. Thus Affirming Appellants' conviction and sentence for the 1st degree Murder, State v. Faheem Western, 2005-KA-2043 (La. App 1 Cir. 5/5/06), 930 So. 2d 1246 (unpublished), Writ denied, 2006-1799 (La. 3-2-07), 948 So. 2d 1076.

①

Petitioner filed for Post Conviction Relief Alleging a Double Jeopardy violation filed into this court on August 25, 2008. On December 19, 2008, this court denied the application based on procedural grounds and instructed petitioner to file a more application by February 25, 2009. On February 11, 2009, petitioner submitted another writ application to this court seeking review of the trial court's denial of his Post conviction application and this court denied without stating reasons, 2009-KW-0338; on January 22nd 2010, the Louisiana Supreme Court denied the same without stating reasons, State ex rel. Werts vs. State, 35 So.3d 138 (La. 2010); See Rec. vol. 1 of 4, La. S.CT. order, 2009-KH-0277, 1-22-10.¹

On Habeas Corpus to the United States District Court, Eastern District for Louisiana, The District court found that in the petitioners claim of Double Jeopardy and constitutionally warranted habeas relief, Werts v. Cain, Civ. A. 10-1793, 2011 WL 7416 509 (E.D. La. Apr. 21, 2011) Report and Recommendation adopted, Civ. A. 10-1793, WL 601863 (E.D. La. Feb 22, 2012). The District Court ordered the following Judgment:

Werts's Petition should be granted In Part and as to the double Jeopardy claim unless, within 90 days from the entry of a Judgment by this Court, the Louisiana state courts does the following: (1) vacates the sentences imposed for the armed robbery and attempted first degree murder convictions; (2) vacates the conviction for one of the offenses; and (3)resentence Werts on the

1. Chief Chie Justice Kimball was not on Panel of 1-22-16, however her signature or initials are on denial.

2.

premises others.

The Twenty-second Judicial District Court held proceedings on that 23, 2013 to comport with the District Court's Order. Words that relates to the District Court meaning that the Louisiana State Court failed to comply with the federal District Court's mandate of feb. 23, 2013 Judgement.

The federal District Court found the Louisiana State Court failed to comply with its mandate said on August 12, 2013. gave Order and reasons:

IT is ORDERED that Weeks's motion for Judgement of relief pursuant to rule 60(b) federal Rule of Civil Procedure is granted in Part and denied in Part.

IT is FURTHER Ordered that unless within 60 days from the issuance of this Order and reasons, the Louisiana State Courts comply with this Court's Red Order and Judgement, Petitioner's claim will be granted as to the double Jeopardy claim.

In Response to this Order and reasons, the Louisiana State Court held a re-sentencing hearing on SEPTEMBER 13, 2013. The Weeks wishes to appeal.

## ASSIGNMENT OF ERRORS

I. Ineffective Assistance of appellate Counsel.
II. Actual and/or Constructive Denial of Counsel.
III. Excessive sentence
IV. Abuse of sentencing court
V. Request the error Patent search of transcript of sentencing held Sept. 13, 2013.

3.

## Summary of the Argument

Counsel Mr. Brown of the Louisiana Appellate Project endorsed as Petitioner's Counsel in the 2012. Counsel has in fact requested of this Court to dismiss this state appeal she now asks to be recused from. The Appellant was denied Counsel at the resentencing hearing held on September, 13, 2013. The sentence given, is erroneously imposed and thus Excessive. The sentencing Court has abused its discretion in sentencing Appellant without due Process and is in violation of the right to equal Protection.

## Assignment of the Errors

I. Counsel at the Appellate Level Provided ineffective Assistance on Direct Appeal case Number 2014 ka 1706.

Whether Appeal appointed Counsel in the previous as Appellant's basis for self-Recusal failed to note that the requested relief from Appellants direct appeal Pertains to the Sept 23, 2013 re-sentencing of Petitioner which was requested by counsel to be dismissed by this Court bearing docket Number 13 ka 1187 in a Motion To Supplement The Record and Suspend Briefing Details" asking this court to order "that the case of state v. Andrew Ward, 2013 ka 1187, is hereby dismissed." Whether this Court granted or denied Appellant received no Opinion as to that order.

The Federal District Court on August 10, 2013 noted that order must said the appeal to be taken now is from September 13, 2013 resentencing of the Appellant in which the counsel now requests recusal based upon a transcript of the Sept 23, 2013 Resentencing.

There is no Opinion as to a grant or denial to Appellant either from counsel or this Court as to Counsel's "Motion To withdraw as counsel of record."

4.

Because of Counsel's lack of investigation the correct transcript for assignments of error the Petitioner is left to find for himself at the appellate level where appellant has a United States Constitutional right to the assistance of counsel at every critical stage of the proceedings against him and is therefore unable to file a full litigated and timely appeal with a full record as litigated in the St. Court of 1974, the out of time appeal is requested and a full copy of this Court's record in order that appellant is afforded to implement the proper rules authorities and case law and federal law so that his appeal can be brought on the habeas Corpus and heard.

Appellant should be afforded an out of time appeal, to appeal his resentencing on September 13, 2013 in lieu of the May 23, 2013 resentencing. Appellate counsel was off throughout the motion dated December 16, 2014. SEE Counsel's attached exhibit to counsel's motion "minute entry dated May 23, 2013." Appellant requests an out of time appeal.


ASSIGNMENT OF ERROR 2: Actual and/OR CONSTRUCTIVE DENIAL OF COUNSEL:

Appellant asserts he was constructively denied counsel under the sixth Amendment of the United States Constitution. In United States v. Cronic, 466 u.s. 648 (1984). the United States Supreme Court held that a defendant might be constructively denied counsel although counsel had been appointed. The Cronic Court recognized that the performance of counsel that be so inadequate as to constitute no assistance of counsel at all, despite the Physical presence of an attorney at the Proceedings Cronic. 466 u.s. 654 n. 11. The Cronic presumption of Prejudice arises in circumstances where (1) There exists a "complete denial of counsel" or a denial of counsel at a critical

5.

store" of the defendants trial; (2) defense counsel fails to "subject the Prosecution's case to a meaningful adversarial testing" or (3) Counsel" is called upon to render assistance where competent counsel well likely could not." Cronic 466 U.S. 658-59. It is in the Presence of these "circumstances of probability" where "the likelihood that the verdict is unreliable is so high that a case by case inquiry is unnecessary." Mickens v. Taylor. 535 U.S. 162. 166 (2002).

The Supreme Court also has emphasized that for Cronic to apply, "the attorney's failure must be complete." Bell v. Cone. 535 U.S. 685, 697 (2002)."for the purposes of distinguishing between the rule of Strickland and that of Cronic." The Supreme Court held that a case does not come under Cronic merely because counsel failed to "oppose the Prosecution... at specific points" in the proceeding. Bell. 535 U.S. at 697. The Cronic standard applies only when counsel has entirely failed to challenge the Prosecution's case. Bell 535 U.S. at 697. When counsel Provides "some meaningful assistance." the Cronic standard is inapplicable. Cracker v. M'Cotter. 805 F.2d 838, 842 (5th Cir. 1986).

In this case the record shows counsel at the outset asks for a bench conference. that is the extent totally of counsels appearance at petitioner's re-sentencing of September 13, 2013. The transcript suggests this said that counsel said nothing further during the entire hearing. However at the onset of the case being called the counsel said "I did not initiate this, I'm not representing him." Also, counsel asked who had charge over my said that one of my hands be uncuffed so I could get into all paperwork. this is not transcribed either.

This case was brought on after a first resentencing of petitioner was remanded by the united states district court, eastern district of louisiana for a second resentencing. The first 33 2013 resentencing petitioner was represented by John W. Lindner and Darren R. Sims. At September 13, 2013 hearing counsel was kevin Lindner. either appointed. r The Lindner, had no knowledge of the case, had not seen what petitioner had litigated to the courts to be brought for a resentencing of a

representatives and did not consult with appellant who had counsel but was unaware of the facts. Further counsel either sidebar went sat on a ans in the sentence section of the court. The transcript is accurate, however counsel made no comment at all. counsel did not have to sit it, he was in fact just standing in for that one.

The sixth amendment entitles a defendant to the assistance of counsel at all critical stages of a criminal proceedings. SEE e.g., United states v. Fuller, 933 F.2d 301 (5th Cir.), cert. denied, 502 U.S. 883, 112 S.CT. 235, 116 L.Ed.2d 191 (1991). The supreme court has reaffirmed that "[t]he Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment." Avery v. Alabama, 308 U.S. 444, 446, 60 S.CT. 321, 322, 84 L.Ed. 377 (1940). The supreme court has recognized that there are some circumstances in which although counsel is present. "The performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided." United States v. Cronic, 466 U.S. 648, 654 n. 11, 104 S.CT. 2039, 2044 n. 11, 80 L.Ed. 2d 657 (1984) Quoting United states v. Decoster, 624 F.2d 196, 219 (D.C. Cir.) cert. denied, 444 U.S. 944, 100 S.CT. 302, 62 L.Ed. 2d 311 (1979). SEE Also Strickland 466 U.S. at 686, 104 S.CT. at 2063; United states v. Fuller, 933 F.2d at 313. In this case, Weary was unaware of the presence of counsel, counsel did not confer with Weary whatsoever, and as far as the transcript is concerned counsel made no no attempt to represent his clients interests It should be held that the failure of Weary's counsel to provide any assistance of counsel is a constructive denial of his right to counsel.

Appellant asks that this court reverses the September 13, 2013 resentencing as under Cronic Prejudice is automatically Presumed.

Assignment of error no. 3   The Petitioners sentence is excessive.

The state court on september 13, 2013 vacated both appellants' sentences and vacated the conviction for all 1st degree murder that resentenced appellant to a term of seventy years. SEE Pa. 9 of the september 13, 2013 resentencing.

On Nov 9, 2001 Then Judge Etienne (Court.) Dimiceli sentenced appellant as a multiple offender to a term of seventy-five years without probation for the conviction of armed robbery. Appellant was not previously sentenced. Therefore the state court in sentencing appellant to a term of seventy years did not take into consideration, that there being no habitual offender attached to this new sentence. That Judge Dimiceli that not have sentenced Appellant to a seventy-five year term, therefore the state court had the authority to deduct downward from the seventy year sentence instead of imposing a sentence based upon the previous courts action, which did not articulate and specific reasons as warranted under article 894.1 of the La. Code of Cr. Proc. Once the multiple offender adjudication is gone the need for a sentencing enhancement has been removed. See La. Rev. Stat. 15: 529.1. The sentence is not supported. The violence of the attempt first degree murder is also wrote.

The appellant also argues that he is not sentenced as the United States Court of Appeal for the Fifth circuit Louisiana shunted that he be sentenced according to North Carolina v. Pearce, 391 U.S. 711 (1969) as appears in Neville v. Butler, 867 F. 2d 886 (C.A. 5th Cir.) 1989. The North Carolina Court upon resentencing Pearce did deal with the time Pearce served, deducted it from his new sentence then sentenced Pearce to a term of years. Appellant had served over thirteen years of a seventy-five year sentence in which none of was deducted. In other words according to the the North Carolina Court, Appellant should have been sentenced to a term of sixty-one years and ten months.

Further, Appellant argues, according to State ex. rel. Adams v. Butler, 558 so.2d 552 (La. 1990) his sentence of seventy years is in error where the Louisiana Supreme Court held that to armed/double jeopardy violation resulting from convictions of attempted first degree murder and armed robbery, it was necessary to affirm attempted first degree murder conviction with the most severe actual sentence of thirty years and vacate armed robbery conviction with

8.

less severe actual sentence of fifteen years. The Louisiana Court of Appeal, Fifth Circuit reiterated these findings in State v. Garcia, 66 So. 3d 34 (5-10-2011) citing "where multiple punishment has erroneously imposed in violation of double jeopardy principles, the proper appellate procedure is to eliminate the effect of the less severe punishable offense: when imposition of this general rule is not feasible, however, courts should affirm the conviction with the more severe actual sentence, even though it may require vacating the conviction for the more severely punishable offense. U.S.C.A. Const. Amend. 5   L.S.A. Const. Art. 1 § 15

On January 24, 2001 appellant was scheduled for sentencing, the state court instead filed a multiple offender bill on May 19, 2001, thus petitioner was not sentenced to a crime. On May 19, 2001, appellant was adjudicated a second felony offender and, sentenced as such, which sentence attached to the conviction for armed robbery. Therefore, once the court vacates the sentence of the enhanced conviction, there is no actual sentence to the conviction for armed robbery, the only sentence that is actual to a conviction is that for attempted first degree murder of twenty five years. Thus your appellant should have been sentenced to a term of twenty-five years the more severe actual sentence.

The trial court nor this court can say had the sentence of enhancement not been given what sentence appellant would have received. Thus the trial court at the September 13, 2013 resentencing should have considered La.C. of Cr. Proc. Art. 894.1 and ordered a P.S.I. and determined a correct sentence.

The appellant's sentence should be vacated and reconsidered and modified according to Article 894.1 of the La. C. of Crim. Proc.

ASSIGNMENT OF ERROR NO. 4   ABUSE OF DISCRETION

Petitioner requested out of time appeal to perfect the assignments of error as appellant is without his guaranteed right to counsel on direct appeal.

9.

## CONCLUSION

Wherefore Petitioner/Appellant prays this Honorable Court conducts an error patent review of the record as well as a review of the brief and if there is reversible error this court promptly notify appellant as he is Pro-se.

## CERTIFICATION

I Andrew Werry, do hereby certify that a copy of the above request for remedial brief was placed in the institutions mailbox on _____ 2015 by placing same in the classification officer hands on same date to D.A.'s Office in Franklinton, la. 70436 and the attorney generals office, baton rouse, La

Sworn to and subscribed before me _____
Ex-officio Notary Public on the _____ dey of p. January 2015.

_____
Ex officio notary public

Twenty-second Judicial District Court
RESENTENCING transcript of hearing held on RESENTENCE
SEPTEMBER 13, 2013.

EXHIBIT 5

1           TWENTY-SECOND JUDICIAL DISTRICT COURT
2                   PARISH OF WASHINGTON
3                   STATE OF LOUISIANA
4
5    STATE OF LOUISIANA
6    VERSUS
7    ANDREW WEARY                    NO. 00-CR5-79804 "B"
8    * * * * * * * * * * * * * * * * * * * * * * * * * * * *
9
10          TRANSCRIPT OF PROCEEDINGS before the
11      Honorable August J. Hand, Twenty-Second Judicial
12      District Court, Division "B", Parish of
13      Washington, State of Louisiana, on the 13th day
14      of September, 2013, in Franklinton, Louisiana.
15
16   APPEARANCES:
17
18      JACK HOFFSTADT, ASSISTANT DISTRICT ATTORNEY
19      (ON BEHALF OF STATE OF LOUISIANA)
20
21      KEVIN LINDER, PUBLIC DEFENDER'S OFFICE
22      (ON BEHALF OF ANDREW WEARY)
23
24
25                                          COPY
26
27
28
29   REPORTED AND TRANSCRIBED BY:
30      LAURA L. CHABRECK, CCR
31      CERTIFIED COURT REPORTER
32      CERTIFICATE NO. 22013

1                    P R O C E E D I N G S

2

3          (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HELD

4          IN OPEN COURT:)

5

6          THE COURT:

7                    Mr. Weary, do you want to step on

8               down, Sir?

9          MR. LINDER:

10                   May we approach?

11         THE COURT:

12                   Yes, sir.

13         (WHEREUPON, THERE WAS AN OFF-THE-RECORD

14         DISCUSSION HELD AT SIDEBAR.)

15         (WHEREUPON, THE DISCUSSION HELD AT SIDEBAR WAS

16         CONCLUDED.)

17         THE COURT:

18                   I've got a copy of Judge Berrigan's

19              ruling here.  So I'm just trying to

20              clarify in the Record a few issues in my

21              mind since I wasn't the presiding judge

22              back in --

23         MR. WEARY:

24                   Yeah, but I had filed a motion to

25              continue this hearing.

26         THE COURT:

27                   You did?

28         MR. WEARY:

29                   Well, I'm under order from the

30              Federal Judge to do this within ninety

31              days.

32         THE COURT:

```
 1                      Right.
 2          THE COURT:
 3                      So I am concerned about, you know,
 4              unless the Federal Court has granted an
 5              extension to this Court --
 6          MR. WEARY:
 7                      They granted an informal pauper to
 8              appeal to it, for me to appeal to the
 9              United States Fifth Circuit Court of
10              Appeal.  The order granted you an
11              extension of time.
12          THE COURT:
13                      Okay.  On the issues that they
14              denied you're saying?
15          MR. WEARY:
16                      Right.
17          THE COURT:
18                      Because you --
19          MR. WEARY:
20                      Well, no, no, no.  The issues that
21              they denied in the order basically is a
22              motion for in camera inspection of
23              proceedings that was held on May 23rd and
24              a motion for --
25          THE COURT:
26                      Do you mind if I look at what you're
27              speaking of that you filed so I'll, I
28              don't know what you subsequent to me
29              getting this court order relative to
30              Judge Berrigan's ruling which was dated
31              about a month, I don't know, about a
32              month ago I guess, August 19th?
```

```
 1          MR. WEARY:
 2                    All right.
 3          THE COURT:
 4                    So it's a little less than a month
 5               ago I got.
 6          MR. WEARY:
 7                    I have a --
 8          THE COURT:
 9                    That's why I set this.
10          MR. WEARY:
11                    I have a copy of the granting of the
12               COA.  I have a copy of the order being
13               issued for the specific issues.
14          THE COURT:
15                    Okay.  Let me view mine.  If I look
16               at that so I can make sure I fully
17               understand what I'm doing here.
18          MR. WEARY:
19                    I was trying to find a copy of the,
20               what I have, the mail slip for the motion
21               to continue.  Excuse me, Your Honor.
22               That's the mail slip that -
23          MADAM CLERK:
24                    I haven't received that.
25          THE COURT:
26                    This clerk's office has not received
27               anything since the date of the Federal
28               Court ruling ordering me to vacate
29               certain things and re-sentence
30               essentially on one particular charge.
31               (Reviews documents.)
32                    So your motion for continuance is of
```

```
 1                    this Court to continue today's hearing.
 2         MR. WEARY:
 3                    Right.
 4         THE COURT:
 5                    All right.  Whereas you had filed in
 6              the Federal Court basically a request
 7              which has certified by the U.S. District
 8              Court certified that an appeal, there's
 9              an issue to be heard by the Federal
10              Appellant level as to whether the
11              District Court, U.S. District Court's
12              ruling was correct in allowing this Court
13              to proceed with today's ruling.
14         MR. WEARY:
15                    Right.
16         THE COURT:
17                    In my mind there's been no stay
18              order issued of any kind by the Federal
19              Court and I would be remiss in not going
20              forward with what I've been ordered to by
21              the Federal Court.  In my mind I do not
22              prejudice your appeal in the federal
23              system if you are successful in that
24              effort.
25                    In other words, if the Federal Fifth
26              Circuit says "U.S. Circuit Court you were
27              wrong in granting an extension in the
28              district court," they can still order to
29              undo whatever I do here today.  And I'm
30              not going to deviate from my prior court,
31              the order presented to this Court by the
32              U.S. District Court that I need to
```

5

```
 1                      re-sentence you within ninety days.
 2                      That's why you're here and I'm not going
 3                      to deviate from that.  So I'm going to
 4                      deny a continuance of today's proceeding
 5                      based upon, just because you filed these
 6                      additional pleadings in Federal Court.
 7                      This is not, what I do here today is not
 8                      going to prejudice in my mind what you're
 9                      doing in the federal system, okay?
10           MR. WEARY:
11                      Yes, sir.
12           THE COURT:
13                      All right.  If you make, whatever,
14                      whatever they decide to do they do.  What
15                      I do, I do.  Anything further, Mr. Weary
16                      before we proceed?
17           MR. WEARY:
18                      I --
19           THE COURT:
20                      I think I have a good handle on what
21                      we're doing now.
22           MR. WEARY:
23                      I think that's it.
24           THE COURT:
25                      Okay.  This matter is brought before
26                      the Court pursuant to an order of the
27                      Judge, Honorable Helen G. Berrigan of the
28                      United States District Court which has
29                      ordered this Court to reconsider previous
30                      sentences relative to two counts in
31                      docket number 00-CR5-79804 whereby Mr.
32                      Weary had been previously convicted of
```

```
 1                    armed robbery and attempted murder.
 2                    Pursuant to the order of Judge Berrigan,
 3                    the Court at this time is going to vacate
 4                    the sentences as to both counts.  The
 5                    Court further is going to vacate and set
 6                    aside the conviction of Mr. Weary as to
 7                    the count relative to attempted murder.
 8       MR. WEARY:
 9                    I object, Your Honor.
10       THE COURT:
11                    So noted.
12       MR. WEARY:
13                    Give reasons, Your Honor.
14       THE COURT:
15                    Therefore, well, I'm following, I am
16                    in compliance with the order of the
17                    United States District Court that
18                    indicated that to hold you guilty of both
19                    counts would subject you to double
20                    jeopardy.  Therefore, the Court in
21                    pursuant to the reasons issued by the
22                    U.S. District Court, Eastern District of
23                    Louisiana, Judge Berrigan, finds that the
24                    count remaining which is the armed
25                    robbery count is appropriate.
26                    And the Court having vacated the
27                    sentence as to both counts and having
28                    vacated and satisfied the conviction of
29                    the attempted first degree murder --
30       MR. WEARY:
31                    Excuse me, Your Honor.
32       THE COURT:
```

7

1              Yes, sir?
2    MR. WEARY:
3              I'm going to object to the vacating
4         of the armed robbery based on State Allen
5         versus State.  Right now as you vacate
6         the sentencing, the armed robbery doesn't
7         have a sentencing.
8    THE COURT:
9              Well, I, that's why I'm here, I'm
10             going to sentence you.
11   MR. WEARY:
12             I mean an actual sentence but the
13        first attempted murder does.  When you
14        vacate the sentence for the armed
15        robbery, therefore both of the sentences,
16        what it does is it removes the double
17        jeopardy because armed robbery is, I'm no
18        longer sentenced to it.  And in Adams
19        versus Butler, it's basically stating
20        that when a sentencing occurs then, do I
21        have time?
22   THE COURT:
23             Well, I don't really quite
24        understand your argument.  And I mean I'm
25        following the specific orders of the U.S.
26        District Court.  And all I can tell you
27        is if you feel that I'm doing something
28        wrong, you bring it back to them because
29        I'm following their specific order.  I'm
30        doing it exactly and we attempted to do
31        this and through, I can't say, certainly
32        not a good, it was a good faith effort to

1          comply with the court order previously

2          whereby the charge of the attempted first

3          degree murder was nolle prosed by the

4          State.

5              The U.S. District Court has

6          specifically ordered that this court

7          vacate the conviction and sentence on the

8          attempted first degree murder.  I am

9          doing that here today.  I am likewise

10         vacating the sentence on the armed

11         robbery.

12           And my intention and I am hereby

13         ordering a sentence relative to the

14         conviction of the armed robbery as

15         previously set forth in the Record of

16         seventy-years at hard labor without

17         benefit of probation, parole or

18         suspension of sentence giving you credit

19         for time served subsequent to your arrest

20         on these charges.  I advise you under

21         Article 930.8 of the Code of Criminal

22         Procedure you have two years from the

23         sentence becomes final to file

24         application for post-conviction relief.

25           So if you aggrieved by this ruling

26         you can take it back up through the State

27         Court or through Federal Habeas.  This is

28         in compliance in my mind and Mr.

29         Hoffstadt correct me if you think I've

30         said anything inappropriate because I

31         want to make sure we're right.

32     MR. HOFFSTADT:

9

```
 1                          No, Your Honor.  That's my reading
 2                 of the ruling also.
 3      THE COURT:
 4                          And that is specifically what I was
 5                 ordered and instructed to do by Judge
 6                 Berrigan.  I've done that.  And to the
 7                 extent that you have further relief
 8                 through the federal habeas system or the
 9                 state court, you may pursue that.
10      MR. WEARY:
11                          I object to the sentencing.
12      THE COURT:
13                          Yes, sir.  I note your objection.
14                 Thank you.
15
16                   *  *  *  *  *  *  *  *  *  *  *  *
17      (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED)
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
```

```
 1                    REPORTER'S CERTIFICATE
 2           This certificate is valid only for a transcript
 3       accompanied by my original signature and original
 4       required seal on this page.
 5           I, Laura Chabreck, Official Court Reporter in
 6       and for the State of Louisiana, employed as an
 7       official or deputy official court reporter by The
 8       22nd Judicial District Court for the State of
 9       Louisiana, as the officer before whom this
10       testimony was taken, do hereby certify that this
11       testimony was reported by me in the stenomask
12       reporting method, was prepared and transcribed by
13       me, or under my direction or supervision, and is a
14       true and correct transcript to the best of my
15       ability and understanding, that the transcript has
16       been prepared in compliance with transcript format
17       guidelines required by Statute or by Rules of the
18       Board or by the Supreme Court of Louisiana, and
19       that I am not related to Counsel or to the parties
20       herein, nor am I otherwise interested in the
21       outcome of this matter.
22                        _____
23                        Laura Chabreck, CCR
24                        Certificate No. 22013
25                    CERTIFICATE OF FILING
26           I hereby certify that the foregoing transcript
27       has been submitted to the Clerk of Court's Office
28       for filing into the record on the _____ day of
29       _____, 2014.
30                        _____
31                        Laura Chabreck, CCR
32                        Certificate No. 22013
```