UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANDREW WEARY, Petitioner | CIVIL DOCKET |
|---|---|
| VERSUS | NO. 18-3602 |
| DARREL VANNOY. Respondent | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is Petitioner Andrew Weary's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On June 20, 2018, the State filed a response to the Petition.[2] Petitioner filed an Opposition to the State's response on June 29, 2018.[3] This matter was referred to the United States Magistrate Judge, who issued a Report and Recommendation on September 14, 2018.[4] Magistrate Judge Karen Wells Roby recommended that the Petition be dismissed with prejudice.[5] On October 2, 2018, this Court granted Petitioner's Motion for Extension of Time to File a Response/Reply to the Report and Recommendation, allowing Petitioner until October 20, 2018 to file any objection.[6] Petitioner objected to the Magistrate Judge's Report and Recommendation on October 22, 2018.[7] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DISMISSES** the Petition with prejudice.

---

[1] R. Doc. 1; R. Doc. 9.
[2] R. Doc. 12.
[3] R. Doc. 13.
[4] R. Doc. 14.
[5] *Id.*
[6] R. Doc. 16.
[7] R. Doc. 17.

1

## BACKGROUND

Petitioner Andrew Weary is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[8] On August 30, 2000, Petitioner was charged by bill of information with one count of armed robbery and one count of attempted first-degree murder.[9] Petitioner pled not guilty and was found guilty of both counts after a jury trial.[10] Before sentencing, Petitioner was adjudicated a second-felony habitual offender based on his armed robbery conviction and a prior felony conviction.[11] On May 9, 2001, Petitioner was sentenced to serve seventy-five years in prison on the armed robbery conviction.[12] At that time, he was not sentenced on the attempted first-degree murder conviction. Petitioner appealed his sentence on the armed robbery conviction, and on May 10, 2002, the Louisiana First Circuit Court of Appeals affirmed.[13] *Sua sponte*, the Louisiana First Circuit remanded the matter for sentencing on the attempted first-degree murder conviction.[14] On July 23, 2002, Petitioner was sentenced to serve twenty-five years in prison for attempted first-degree murder, to run concurrently with his sentence for armed robbery.[15]

Following several years of direct appeal of his sentence and post-conviction review in state court, Petitioner filed a Petition for a Writ of Habeas Corpus in federal court (Civil Action No. 10-1739 "C"(4)). On February 22, 2012, Judge Berrigan granted the petition

---

[8] R. Doc. 1.
[9] State. Rec., Vol. 1 of 8, p. 2, Bill of Information, 8/30/00.
[10] State. Rec., Vol. 1 of 5, Trial Minutes, 12/4/00; Trial Minutes, 12/5/00; Trial Minutes, 12/6/00; Jury Verdict (Count 1), 12/6/00; Jury Verdict (Count 2), 12/6/00; Trial Transcript, 12/4/00; State Rec., Vol. 2 of 8, Trial Transcript, 12/5/00; Trial Transcript, 12/6/00.
[11] State Rec., Vol. 1 of 8, p. 169-70, Multiple Bill, 1/25/01; Multiple Offender Hearing Minutes.
[12] State Rec., Vol. 1 of 8, p. 170 Hearing Transcript, 5/9/01.
[13] *State v. Weary*, 826 So.2d at 654; 1st Cir. Opinion, 2001-KA-2286, 5/10/02.
[14] *Id*.
[15] State Rec., Vol. 1 of 5, Sentencing Minutes, 7/23/02; *see also*, Minute Entry, 8/16/04; State Rec., Vol. 3 of 5, Sentencing Transcript, 7/23/02.

on double jeopardy grounds and ordered that the state trial court (1) vacate both prior sentences, (2) vacate the conviction for one of the offenses, and (3) resentence Weary on the remaining offense.[16]

In response to that order, on May 23, 2012 the state trial court vacated both prior sentences, accepted the prosecutor's entry of a *nolle prosequi* on the attempted first-degree murder charge, and resentenced Petitioner on the armed robbery charge to serve seventy-five years in prison.[17] Weary filed a post-judgment motion in the initial federal habeas case, arguing that the State failed to comply with the mandate because the *nolle prosequi* was not the same as vacating the conviction. Judge Berrigan ordered the state trial court to comply with the prior mandate and allowed additional time to do so.[18]

On September 16, 2013, the state trial court held a hearing to assure its compliance with the federal court's directive.[19] The state trial court vacated any prior sentence and conviction with respect to the attempted first-degree murder charge and vacated any sentence with respect to the armed robbery conviction. The court resentenced Petitioner to serve seventy-five years in prison on the armed robbery conviction.[20] On April 24, 2015, the Louisiana First Circuit Court of Appeal affirmed the September 16, 2013 sentence and addressed the merits of Petitioner's pro se claims that he was denied effective assistance of counsel and received an excessive sentence.[21] The Louisiana Supreme Court denied relief without comment on April 8, 2016.[22]

---

[16] *Weary v. Cain*, No. 10-1793, 2012 WL 601862, at *1 (E.D. La. Feb. 22, 2012).
[17] State Rec., Vol. 7 of 8, pp. 1415-1424, Transcript of Proceedings 5/23/12.
[18] *Weary v. Cain*, 10-1793, 2013 WL 4499021, at *7 (E.D. La. Aug. 19, 2013).
[19] State Rec., Vol. 7 of 8, pp. 1429-47, Transcript of Proceedings 9/16/13, Minute Entry 9/16/13.
[20] State Rec., Vol. 7 of 8, pp. 1429-47, Transcript of Proceedings 9/16/13, Minute Entry 9/16/13.
[21] *State v. Weary*, 14-1706 (La. App. 1 Cir. 4/24/15), 2015 WL 1893258, at *7; State Rec., Vol. 7 of 8, p. 1495.
[22] *State v. Weary*, 15-1030 (La. 4/08/16); State Rec., Vol. 7 of 8, p. 1538.

Petitioner filed an application for post-conviction relief on June 6, 2016, assigning no errors and requesting exhaustion.[23] The Louisiana First Circuit Court of Appeals denied relief on September 22, 2016;[24] the Louisiana Supreme Court denied relief on February 2, 2018.[25] Petitioner timely filed the instant habeas Petition, claiming he was constructively denied the right to counsel at the September 16, 2013 hearing and his sentence is unconstitutionally excessive.[26] The State concedes the Petition is timely and the claims are exhausted.[27]

The Magistrate Judge recommended the Petition be dismissed with prejudice because the Petitioner's claims lack merit. The magistrate concluded that (1) Petitioner was not actually or constructively denied the right to counsel because he had appointed counsel present at the September 16, 2013 hearing and his counsel participated in discussions with the judge and (2) the sentence imposed in September 2013 is not excessive or vindictive because he received the same sentence as his original sentence on that conviction, with credit for time served.[28] Petitioner objected to the report and recommendation, arguing that he was denied counsel at the September re-sentencing, which was a critical stage of the proceedings, and that the state trial court violated Judge Berrigan's mandate because it did not re-sentence him on the armed robbery conviction.[29]

---

[23] State Rec., Vol. 4 of 8, p. 893-898, Application for Post-Conviction Relief 6/6/16.
[24] State Rec., Vol. 8 of 8, p. 1604, *State v. Weary*, 16-0981 (La. App. 1 Cir. 9/22/16).
[25] State Rec., Vol. 8 of 8, p. 1613-14, *State ex rel Weary v. State*, 16-1907 (La. 2/09/18), 235 So.3d 1099.
[26] R. Doc. 4. This is not a second or successive petition because it challenges the circumstances of his resentencing. *See Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010).
[27] R. Doc. 12 at 7.
[28] R. Doc. 14.
[29] R. Doc. 17.

## STANDARD OF REVIEW

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[30]

In reviewing a state court's decision on the merits of a claim, the state court's determination of questions of fact are afforded deference and will not be overturned unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[31] The state court's determination of mixed questions of law and fact will not be overturned unless the decision is "contrary to or involves an unreasonable application of clearly established federal law."[32]

## LAW AND ANALYSIS

Upon *de novo* review of the complaint, the record, the Magistrate Judge's Report and Recommendation, and Petitioner's objections to the Magistrate Judge's Report and Recommendation, this Court agrees with the Magistrate Judge that Petitioner was not constructively denied counsel and did not receive ineffective assistance of counsel at the September 16, 2013 hearing and that Petitioner's sentence for armed robbery was not excessive or vindictive.

Petitioner appealed his new sentence to the Louisiana First Circuit Court of Appeals, presenting the same claims he now raises in his federal habeas petition. The Louisiana First Circuit Court of Appeals reviewed Petitioner's claims on the merits and

---

[30] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[31] 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[32] 28 U.S.C. § 2254(d)(1); *Hill*, 210 F.3d at 485.

concluded that Petitioner did not receive ineffective assistance of counsel, was not constructively denied counsel, and did not receive an unconstitutionally excessive sentence.[33] With respect to Petitioner's ineffective assistance of counsel and constructive denial of counsel claims, the state court analyzed the claim under the Supreme Court's guidance in *Strickland v. Washington* and concluded that Petitioner was afforded counsel at the September 16, 2013 hearing and could not establish prejudice from his counsel's performance at the September 16, 2013 hearing.[34] With respect to Petitioner's excessive sentence claim, the state court concluded that the sentence was not excessive because the district court properly vacated the defendant's conviction and sentence for attempted first degree murder.[35]

This Court's review of the record confirms that Petitioner had appointed counsel present at the September 16, 2013 hearing and that his counsel participated in discussions with the judge at that hearing.[36] Petitioner is unable to demonstrate any prejudice from any alleged deficient performance by counsel. As a result, the state court's denial of relief on this issue was not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to relief on this claim.

This Court's review of the record confirms that the sentence imposed on September 13, 2016 was not unconstitutionally excessive or vindictive. While the federal court mandated that one of Petitioner's convictions and sentences be vacated, his adjudication as a second-felony habitual offender, based on his armed robbery conviction and a prior

---

[33] *State v. Weary*, 14-1706 (La. App. 1 Cir. 4/24/15), 2015 WL 1893258; State Rec., Vol. 8 of 8, p. 1597-1602.
[34] *State v. Weary*, 14-1706 (La. App. 1 Cir. 4/24/15), 2015 WL 1893258, at *4-5; State Rec., Vol. 8 of 8, p. 1597-1600.
[35] *State v. Weary*, 14-1706 (La. App. 1 Cir. 4/24/15), 2015 WL 1893258, at *6; State Rec., Vol. 8 of 8, p. 1600-02.
[36] State Rec., Vol. 7 of 8, Transcript of Proceedings 9/16/13, Minute Entry 9/16/13 pp. 1429-47.

felony conviction, remained. Weary received the same sentence on the armed robbery conviction that was imposed prior to the grant of federal habeas relief and received credit for time served. As a result, the state court's denial of relief on this issue was not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to relief on this claim.

## **CONCLUSION**

For the reasons above, the Court **APPROVES** the Magistrate Judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[37]

**IT IS ORDERED** that Petitioner Andrew Weary's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.[38]

**New Orleans, Louisiana, this 22nd day of February, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 15.
[38] R. Doc. 1.